JOHN W. ALLEN, MILDRED H. ALLEN, DONALD S. GASTER, and NEW CASTLE COUNTY, Successor to Joseph S. Dayton, Harry B. Roberts, Jr., and John D. Daniello, Levy Court Commissioners, Defendants Below,

Appellants,

*vs.*

MAURICE M. DONOVAN, PETER C. TOWNSEND, DOUGLAS W. WILEY, ROBERT B. RAMSEY and JOHN MITCHELL, JR., Plaintiffs Below, Appellees.

*Supreme Court, On Appeal, February 15, 1968.*

*William F. Lynch, II,* and *Eduard F. von Wettberg, III,* of Morris, James, Hitchens & Williams, Wilmington, for Allen, Allen and Gaster, appellants.

*Clarence W. Taylor,* County Atty. for New Castle County, appellant.

*William Prickett* and *Richard W. Pell,* of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This is an appeal from a judgment in Chancery declaring invalid a proposed rezoning of 17.4 acres of land in Brandywine Hundred.

On March 30, 1964 the landowners petitioned the Zoning Commission* to rezone the 17.4 acres from single-family residential use [R-1-B] to multi-family residential use [R-4]. After a hearing the Zoning Commission recommended refusal of the petition on the ground that multi-family dwellings over the entire area would be inconsistent with the character of the general area. The recommendation of the Zoning Commission was unanimously approved by the Levy Court on August 25, 1964.

On July 9, 1965 the landowners filed a second petition with the Zoning Commission asking that the tract be rezoned to permit the erection of five apartment buildings. Following a hearing the Zoning Commission recommended refusal of the request on the ground that general land use of the area was proposed to be low-density residential use. Appeal was taken to the Levy Court.

On October 19, 1965, after due notice to the public, the Levy Court held a public hearing on the matter. This hearing was well attended and became quite heated. In the course of presentation of the landowners' request, their attorney stated that they were willing to restrict the use of the tract to their proposed use. No proposed draft of restrictions was submitted at the hearing.

At a meeting on January 18, 1966, apparently not open to the public, the Levy Court by a 2 to 1 vote granted the petition because of proposed restrictions submitted at that time by the landowners which the Levy Court said restricted the use to a maximum of 270 units and a maximum of four apartment buildings with elevators, which was a reduction under the R-4 classification (to which the land was rezoned) from a possible 494 units.

The recorded restriction in part is as follows:

"(a) No more than four (4) apartment buildings containing passenger elevators therein shall be constructed on the aforesaid property and not more than 270 apartments shall be contained within the aforementioned four apartment buildings."

---

* 9 *Del.C.* § 2611, requires that changes in existing zoning be initiated before the Zoning Commission which is required to submit its recommendations to the Levy Court. § 2611 requires the Levy Court, before adopting any proposed zoning change, to hold a public hearing upon it.

The opponents of this particular rezoning filed suit in Chancery to enjoin the newly permitted use on the ground that the Levy Court failed to comply with the requirement of holding a full hearing on a proposed change in zoning. The Vice Chancellor so held and declared the rezoning invalid.

The appellants urge that the Vice Chancellor was wrong in his conclusion for the reason that the Levy Court in rezoning land is exercising a legislative function which was not reviewable by a court, absent a showing that the action of the Levy Court was arbitrary and capricious.

In *McQuail v. Shell Oil Company*, 40 *Del.Ch.* 396, 183 *A.2d* 572, we held that the Levy Court in rezoning land was exercising a legislative function. We further held, however, that in performing this function the Levy Court may not act in an arbitrary or capricious manner. And in *Shellburne, Inc. v. Roberts, Del.*, 224 *A.2d* 250, we held that standards of due process required in original zoning are applicable equally to rezoning, whether the rezoning is upon the application of a property owner or on the initiative of the Levy Court, itself.

In *Rappa, Inc. v. Hanson, Del.*, 209 *A.2d* 163, we held that 9 *Del.C.* § 2611(c) required the Levy Court before finally adopting a zoning change, to hold a public and full hearing upon the proposed change. We further held that opportunity shall be given the proponents and opponents of the proposed change to present their respective views.

We think the effect of the cited decisions was to make the deliberations of the Levy Court upon proposed zoning changes something more than the ordinary hearing conducted by a legislative body. The zoning law and the decisions of this Court accordingly require that an adversary hearing be held with the right afforded to the interested persons to call and cross-examine witnesses.

In point of fact, the hearing of October 19, 1965 before the Levy Court was an adversary hearing. Counsel appeared representing the interested parties, witnesses were called and cross-examined, and arguments of counsel were made, setting forth the two divergent

viewpoints. As such, the due process requirement of full and public hearing was satisfied, and if the Levy Court had reached its decision solely upon the matters presented at that hearing, there could have been no question of the validity of its decision, unless it was demonstratively arbitrary or capricious.

■ The Levy Court, however did not decide the application on the facts brought forth at the hearing. On the contrary, upon the sole basis of proposed deed restrictions presented to it after the hearing of October 19, 1965, the Levy Court, by a divided vote, approved the rezoning upon the condition that the restrictions be made a matter of record.

The opponents of the rezoning complain that in so doing, they were deprived of an opportunity to point out to the Levy Court the complete inadequacy of the restrictions to accomplish that which the Levy Court said they would. We express no opinion upon the adequacy of the restrictions, but merely observe that the argument of the opponents concerning them is at least plausible.

In any event, it is quite plain that the decisions of the majority of the Levy Court was based upon facts which were not brought out at the hearing, and of which the opponents had no knowledge. They were thus denied any opportunity to express their views upon the propriety and effectiveness of the restrictions. We think, therefore, that the requirement of due process by way of a full hearing was denied them. The action of the Levy Court was therefore invalid.

This conclusion requires that the judgment of the Vice Chancellor must be affirmed. We therefore do not reach the further question presented by the Levy Court as to whether or not so-called "contract zoning" is valid under our law.

The judgment below is affirmed.

## UPON MOTION FOR REARGUMENT.

New Castle County, successor to the former Levy Court of New Castle County by reason of 9 Del.C. Ch. 11, petitioned that the language and holding of the foregoing opinion should be confined to

public hearings on zoning changes before the former Levy Court by reason of the fact that 9 *Del.C.* § 1153 requires amendments to the Zoning Code to be by ordinance adopted by the newly created County Council, the hearings on which do not differ from hearings on other proposed ordinances and are not adversary in nature.

We had thought it to be implicit that the opinion in this cause was operative only on the former Levy Court. However, since, apparently, there is some confusion about the matter, we take this occasion to make the implication explicit.

The petition for reargument is denied.