SHELLBURNE, INC., a corporation of the State of Delaware, Plaintiff,

v.

William J. CONNER, Executive, C. Douglas Buck, Jr., President, John D. Daniello, Joseph F. Dayton, Henry Folsom, Harrison E. Frohock, Thomas J. Kealy, Richard Sincock, John J. Smith, and Joseph F. Toner, Constituting the County Council of New Castle County, and New Castle County, Defendants.

Court of Chancery of Delaware, New Castle.

Aug. 3, 1970.

---

Donald W. Booker, of Booker, Leshem, Green & Shaffer, Wilmington, for plaintiff.

Harvey B. Rubenstein and Clarence W. Taylor, Wilmington, for defendants.

SHORT, Vice Chancellor:

This case is the latest in a series of actions brought to enjoin the rezoning of a block of land situate in the development known as Shellburne, New Castle County, Delaware. The complaint charges that Ordinance 67–5, renumbered 68–36 upon passage, purporting to rezone plaintiff's land and enacted by City Council of New Castle County on May 27, 1968 is invalid on constitutional grounds. It further charges that the rezoning of plaintiff's land purportedly effected by the ordinance was arbitrary and capricious. Defendants have moved to dismiss for failure of the complaint to state a claim upon which relief can be granted. This is the decision on defendants' motion.

In the original zoning of New Castle County in 1954 the then Levy Court zoned the entire development of Shellburne, with the exception of the block of land here involved, R–1–C, for residential use. The subject land was zoned C–1 to permit

shopping center use. Since 1954 the land in Shellburne zoned for residential use has been developed accordingly. Plaintiff's land remains undeveloped, but it is only fair to observe that litigation commencing in 1963 has prevented any development under the C classification.

By 55 Del.Laws, Ch. 85, effective January 3, 1967, the Levy Court system for government of New Castle County was abolished and government of the county was committed to a County Executive and County Council. The statute, Title 9, Del. C., § 1151, provides: "All actions of the County Council which shall have the force of law shall be by ordinance." § 1152 provides, inter alia, for the procedure to be followed upon the introduction and in the adoption of an ordinance, and specifically for publication and notice of the time and place for a public hearing thereon at which "all persons interested shall have a reasonable opportunity to be heard." § 1153 provides: "All amendments of the zoning code shall be by ordinance;" requires reference of the amending ordinance to the Department of Planning and the Planning Board for recommendation; and provides for publication establishing the time and place for a public hearing before the County Council.

Plaintiff does not contend that the procedural requirements of Title 9, Del.C. were not followed in the adoption of the ordinance under attack.[1] It contends, however, that the procedure provided for rezoning contravenes its constitutional rights. It claims also that the hearings held before the Department of Planning and Planning Board and before the County Council were violative of due process because persons heard were not sworn and were not made subject to cross-examination.

■ The constitutional argument made by plaintiff is not persuasive. If accepted it is obvious that no rezoning of a specific parcel of land would be lawful. In any event, the same contention, in my opinion, has been considered and rejected by the Supreme Court in a forerunner of the present action. See Shellburne, Inc., v. Roberts, 224 A.2d 250. As it pertains to rezoning there has been no significant change in the statutory scheme since the Supreme Court opinion in *Roberts*.

■ Resolution of plaintiff's contention that hearings required by 9 Del.C., § 1153 must be conducted as adversary proceedings is not without difficulty. Defendants argue that since the County Council in amendments to the zoning code is required to act by *ordinance* the hearings held with regard to zoning ordinances do not differ from hearings on any other kind of ordinances which are not regarded as adversary in nature. In Allen v. Donovan, 239 A.2d 227 the Supreme Court held that "deliberations of the Levy Court upon proposed zoning changes [were] something more than the ordinary hearing conducted by a legislative body. The zoning law and the decisions of this Court accordingly require that an adversary hearing be held with the right afforded to the interested persons to call and cross-examine witnesses." With respect to the zoning powers and procedures of the government of New Castle County under the Levy

---

1. Plaintiff does comment upon the fact that the recommendation to rezone was made by the Department of Planning and Planning Board more than a year before the adoption of the ordinance by County Council, but I find no requirement in the statute limiting the time for action by the County Council. In any event, there is no contention that plaintiff has been prejudiced by any delay. An issue is also raised as to whether ordinances 67–5 and 68–36 are one and the same. Defendants say that they are. If plaintiff has reason to believe otherwise it may pursue the matter at trial as hereafter provided for.

Court there has been no significant change in the law providing for government under the Executive and County Council system. Sec. 2611 of Title 9, Del.C., specified the procedure to be followed by the Levy Court in adopting changes in zoning regulations. That section, as amended to reflect the changeover in form of government, confers the same power upon the County Council. The only change in procedure is that now provided by § 1153 which requires zoning amendments to be adopted by ordinance. The mere change in the form by which an amendment is to be accomplished does not, in my opinion, alter the type of hearing which the Supreme Court held to be necessary under the Levy Court form of government. Defendants point out that on motion for reargument in Allen v. Donovan, supra, the Supreme Court held that its opinion "was operative only on the former Levy Court." This was necessarily so as it was Levy Court action that was there involved. But the Supreme Court holding is not, as defendants contend, to be taken as indicating that zoning hearings were no longer required to be conducted as adversary proceedings. Nor is there significance in the language of § 1152, dealing with ordinances generally, which requires that at public hearings "all persons interested shall have a reasonable opportunity to be heard." This provision is nothing more than a paraphrase of the requirement that rezoning may be accomplished, as the Supreme Court said, "only after a full hearing with opportunity on the part of proponents and objectors to present their respective cases." Daniel D. Rappa, Inc. v. Hanson, 209 A.2d 163.

Defendants argue that plaintiff was given a fair opportunity to be heard, that it offered statements of witnesses in opposition to the ordinance, and that it did not challenge the proceedings or insist on a right of cross-examination. If this argument is made to raise an issue of waiver such an issue cannot be determined on the present record.

■ The complaint alleges that since there was no proof of mistake in the original zoning or change in the character of the neighborhood the action of the County Council in rezoning the land was arbitrary and capricious. This allegation is an attempt to bring into play the rule followed in Maryland, Mississippi, Illinois, Oregon, and apparently Connecticut and Colorado that in order to justify rezoning of land there must be a showing of such mistake or change. Defendants here make no claim of mistake. They do contend, however, that there is evidence of change of conditions. And, in any event, they argue that the Maryland rule should not be adopted by our courts. Plaintiff, on the other hand, contends that the Supreme Court has indicated adoption of the rule when it said in Shellburne, Inc. v. Roberts, supra: "It is generally recognized that zoning regulations should be progressive, not static; that they should be sufficiently flexible to adjust to changed conditions in the interest of the public welfare." I am satisfied that plaintiff's contention is not supported by this observation. The context in which it was used clearly indicates that the Supreme Court was not considering the adoption of any rule.

The pros and cons of the Maryland rule are dealt with at some length in 1 Rathkopf, The Law of Zoning and Planning, commencing at 27–13. While that author criticizes the letter of the rule and observes that in "the majority of the states no reference is made of the necessity of such prior proof" he points out that even that majority "recognize that total absence of evidence relating to one of these factors would make a substantial change in the ordinance appear to be arbitrary."

■ Whether or not the Maryland rule should be adopted by this court I need

not decide at this stage. The case here is before the court on a motion to dismiss for failure to state a claim upon which relief can be granted. Such a motion will be granted only where it appears to a certainty that under no state of facts which could be proved to support the claim asserted would plaintiff be entitled to relief. Danby v. Osteopathic Hospital Association of Delaware, 34 Del.Ch. 172, 101 A.2d 308, aff'd, 34 Del.Ch. 427, 104 A.2d 903. The record here made consists of the pleadings alone. It is wholly insufficient, in my opinion, to permit of a decision that the complaint fails to state a cause of action. To grant defendants' motion would be tantamount to a holding that if it appears that the zoning authority has followed the procedural requirements for rezoning persons affected thereby are precluded from asserting that a rezoning ordinance is arbitrary, capricious and unreasonable. That is not the law. See Shellburne, Inc. v. Roberts, supra.

■ The complaint also challenges on constitutional grounds the validity of Ordinance 67–9 passed by County Council on January 25, 1967. That ordinance purports to amend the Building Code of New Castle County and prohibits the issuance, within specified time limits, of a building permit upon land where an ordinance has been introduced to change its zoning. There is no allegation that·plaintiff has been denied a building permit or even that it has applied for one. There is no merit to this challenge. See Shellburne, Inc. v. Buck, Del.Supr., 240 A.2d 757.

Defendants' motion to dismiss is granted as to allegations of the complaint which seek to raise questions as to the constitutionality of the delegated powers of the Executive and County Council of New Castle County. Otherwise, it is denied. An order accordingly, on notice, may be presented.