STATE of Delaware on the Relation of DANIEL D. RAPPA, INC., and Sally Rosenberg Minnick, a/k/a Sally Rosenberg, Petitioners,

v.

C. Douglass BUCK, Jr., President of the County Council and W. Alva Hollis, Thomas J. Kealy, Richard Sincock, Henry R. Folsom, Jr., Malcolm J. Gray, Joseph F. Toner and John D. Daniello, Members of the County Council of New Castle County, Respondents.

Superior Court of Delaware, New Castle.

Jan. 18, 1971.

Bruce M. Stargatt, and Richard H. May, of Young, Conaway, Stargatt & Taylor, Wilmington, for petitioners.

Harvey B. Rubenstein, and Clarence W. Taylor, Wilmington, for respondents.

## OPINION

STOREY, Judge.

This is an action for a writ of mandamus to compel respondents to approve petitioners' plan for development of an apartment project pursuant to New Castle County subdivision regulations. Respondents have filed a motion to dismiss the action for failure to state a claim upon which relief may be granted. Although petitioners' plan was approved by the New Castle County Planning Department as being in conformity to all pertinent subdivision regulations, respondents, New Castle County Council, nevertheless disapproved the plan without apparent reason. Petitioners contend that, once they have complied with subdivision regulations to the satisfaction of the Planning Department, then the County Council's approval of the plan is a mere ministerial function which may be compelled by mandamus.

Respondents' contention is that petitioners must secure approval of its subdivision plan from both the Planning Department and the County Council and that since either body has the discretion of finding noncompliance with subdivision regulations, respondents cannot be compelled to approve the plan by writ of mandamus.

The issue in this case is whether a writ of mandamus may be issued to compel a county legislative body to approve a subdivision plan where applicable subdivision regulations require approval of such plans by both the county legislature and the county planning department, and where the particular subdivision plan has already been approved by the county planning department as being in compliance with all applicable subdivision regulations.

Although writs of mandamus will not be granted to control the discretionary action of a public officer or body, where the particular action is ministerial and where, under the circumstances there is a clear duty to take that action, such public officer or body may be mandated to do so. See Knutson v. State ex rel. Seberger, 239 Ind. 656, 157 N.E.2d 469, 471, 160 N.E.2d 200 (1959) and cases cited therein. It thus becomes necessary to determine whether the approval of county council under the circumstances of this case involves a discretionary or ministerial act.

Although the Delaware Code requires that all proposed subdivisions of land in New Castle County be submitted to the County Planning Department for approval for conformity to the subdivision regulation, (9 Del.Code, Sec. 1345) the regula-

tions themselves prohibit the filing of a subdivision plan without approval of both the Department of Planning and the County Council. 9 Del.Code, Sec. 3007(a). Respondents rely heavily on the specific requirement of County Council approval contained in this latter section and contend that this required "approval" necessarily implies the exercise of discretion. Petitioner points out that Sec. 3007(a) was part of subdivision regulations enacted prior to the reorganization of New Castle County government establishing the County Planning Department and giving it responsibility in 9 Del.Code, Sec. 1345, for determining conformity to subdivision regulations. Petitioners argue that the legislature, in the New Castle County Reorganization Act, intended to vest all power to determine conformity to subdivision regulations in the Planning Department and that the Sec. 3007(a) requirement for County Council approval was reduced to a mere formal requirement or ministerial act. This Court does not deem it necessary in the resolution of this case to decide whether or not the Reorganization Act, and specifically 9 Del.Code, Sec. 1345, reduced the role of the County Council under 9 Del. Code, Sec. 3007(a) to that of a rubber stamp. Whatever the case, it is clear that the County Council, in acting on subdivision plans, functions in an administrative rather than a legislative capacity. Donnelly v. City of Fairview Park, 13 Ohio St.2d 1, 233 N.E.2d 500, 502 (1968); J & M Realty Company v. City of Norwalk, 156 Conn. 185, 239 A.2d 534, 536 (1968). Cf. County Council of Baltimore County v. Egerton Realty, Inc., 217 Md. 234, 140 A. 2d 510 (1958). It is fundamental that County Council, in performing this administrative function, is bound by the subdivision regulations. If the plan submitted conforms to these regulations, there is no discretion or choice but to approve it. RK Development Corporation v. City of Norwalk, et al., 156 Conn. 369, 242 A.2d 781, 784, 785 (1968); People ex rel. First Nat. Bank & Trust Co. v. Village of Deerfield, 50 Ill.App.2d 349, 200 N.E.2d 120, 122

(1964); Knutson v. State ex rel. Seberger, 239 Ind. 656, 157 N.E.2d 469, 471, 473, 160 N.E.2d 200 (1959). Under the facts of this case, petitioners have, to the satisfaction of the Planning Department, complied with all statutory regulations necessary for approval. No evidence to the contrary was presented to the County Council nor did the County Council assert that petitioners had in any way failed to comply with any regulations. Under these circumstances, the granting of approval by County Council became a ministerial act which a writ of mandamus may properly compel. Respondents' motion to dismiss is denied.

It is so ordered.