**William J. CONNER, Executive et al., Defendants Below, Appellants,**

**v.**

**SHELLBURNE, INC., a corporation of the State of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 23, 1971.

Harvey B. Rubenstein and Clarence W. Taylor, Wilmington, for defendants below, appellants.

---

Donald W. Booker, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal arises in a zoning controversy which has had our attention before. See Shellburne, Inc. v. Roberts, Del.Supr., 224 A.2d 250 (1966); Shellburne, Inc. v. Roberts, Del.Supr., 238 A.2d 331 (1968); Shellburne, Inc. v. Buck, Del.Supr., 240 A.2d 757 (1968). The appeal is by the County from the denial by the Chancery Court of its motion to dismiss the complaint in this, the third action against the County in connection with the controversy.

The opinion below is at 269 A.2d 409. As there appears, the Chancery Court sustained Shellburne's contention that it was entitled to a hearing before the County Council as in an adversary proceeding, with the right to examine and cross-examine witnesses under oath. The ruling was based upon Allen v. Donovan, Del.Supr., 239 A.2d 227 (1968). We there held that the deliberations of the Levy Court, the predecessor of the County Council prior to the governmental reorganization of the County in 1967,[1] were "something more than the ordinary hearing conducted by a legislative body"; that the zoning law and prior decisions of this Court required "that an adversary hearing be held with the right afforded to the interested persons to call and cross-examine witnesses." Upon motion for reargument, we stated that the ruling was limited to proceedings before the Levy Court. 239 A.2d at 230.

We now hold that the *Allen* ruling is not applicable to hearings before the County Council. There is a determinative difference between the former Levy Court and the present County Council: the Levy Court had multiple legislative, quasi-judicial, and executive powers and functions. It customarily sat as a tribunal at zoning hearings conducted in a quasi-judicial manner. See Shellburne, Inc. v. Roberts, Del. Supr., 238 A.2d 331, 337, f.n. 6 (1967). On the other hand, the present County Council is an ordinary legislative body. There is no valid reason for public hearings[2] before it to differ in nature or style from public hearings ordinarily held before other legislative bodies, such as the General Assembly. There, interested persons are "heard"; but there is no practice, custom, or right to conduct an adversary proceeding. It is required that all zoning changes be made by the County Council by ordinance. 9 Del.C. § 1153(a). The legislative process in the enactment of such ordinance is basically the same as the legislative process in the General Assembly. Ingersoll v. Rollins Broadcasting of Delaware, Inc., Del.Supr., 269 A.2d 217 (1970). We see no sound reason for distinguishing the legislative process in the County Council from that in the General Assembly with respect to the nature of public hearings.

Accordingly, we must reverse so much of the decision below as may be inconsistent herewith.

As to the Chancery Court's denial of the motion to dismiss the complaint, this appeal must be dismissed. The ruling below, like the denial of a motion for summary judgment, decided nothing except that a trial is necessary. 269 A.2d at 412–413. Accordingly, to that extent, the appeal must be dismissed.

It will be noted that the Chancery Court discussed, but was not required to rule upon, the so-called Maryland rule requiring proof of mistake or change of con-

---

1. For a discussion of the County reorganization in this connection, see Shellburne, Inc. v. Roberts, Del.Supr., 238 A.2d 331 (1968).

2. 9 Del.C. §§ 2611(c) and 1101 require the County Council to hold a "public hearing" before finally adopting any proposed zoning change.

**610**

dition as a prerequisite to a change of zoning. 269 A.2d at 412–413. We have recently held that the Maryland rule does not prevail in this jurisdiction. Willdel Realty, Inc. v. New Castle County, Del.Supr., 281 A.2d 612 (1971).