**Frank E. ACIERNO, Plaintiff,**

**v.**

**Henry R. FOLSOM, Jr., Individually and as President of the New Castle County Council, et al., Defendants.**

Court of Chancery of Delaware, New Castle.

May 10, 1973.

On Reargument May 24, 1973.

James M. Tunnell, Jr., David A. Drexler and James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

Harvey B. Rubenstein, Asst. County Atty. of New Castle County, and Thomas F. Luce, County Atty. of New Castle County, Wilmington, for defendants.

MARVEL, Vice Chancellor:

Plaintiff is the long term lessor of a large part of a parcel of land consisting

of some forty acres situate in New Castle County and located near the intersection of Interstate Highway 95 and Route 273. He also owns in fee simple a small parcel of land adjoining the leased tract which parcel fronts on Route 273. The entire parcel of some forty acres here in issue is zoned M–1 and C–2 under New Castle County laws and regulations.

Plaintiff seeks relief from this Court after having failed to gain approval of his plans to build a shopping center on the tract in issue in administrative proceedings provided for in regulations based on the provisions of 9 Del.C. § 1341 et seq., which regulations set up procedures for land use applications such as plaintiff's. Having exhausted his administrative remedies, plaintiff now seeks equitable relief on the ground that rejection of his building plans by the County was arbitrary and unlawful.

On May 11, 1971, plaintiff filed with the Department of Planning for New Castle County a so-called exploratory sketch plan for the construction of his proposed shopping center as a preliminary step towards obtaining approval of his project. This initial plan was then followed up on August 8, 1971, as required by regulations, with a preliminary-tentative building plan, which plan was thereafter disapproved by the Department of Planning on October 22, 1971. Plaintiff thereupon appealed to the Planning Board which reversed the ruling of the Department of Planning. Thereafter, on January 24, 1972, a final plan for plaintiff's contemplated shopping center was filed with the Department of Planning. On February 24, 1972, however, the Department of Planning denied approval of plaintiff's final plan (1) because of its alleged conflict with the general comprehensive development plan adopted for New Castle County, (2) because the shape of the tract in issue allegedly makes it unsuitable for the construction of a shopping center, and (3) because of the impact on the area in question of the increased traffic which

would allegedly result from the erection of the proposed shopping center. Plaintiff thereupon appealed to the Planning Board, which, after a final hearing, informed plaintiff on April 26, 1972 that it had voted to sustain the Department of Planning's disapproval of plaintiff's plan.

Thereafter, pursuant to applicable regulations, a hearing on plaintiff's application was held on August 22, 1972 before the County Council at which Dr. V. Eugene McCoy, chairman of the Planning Board, allegedly improperly participated in opposing plaintiff's plans, having, it is claimed, placed on record his opposition to plaintiff's proposed plan and having allegedly argued that plaintiff's appeal should be dismissed notwithstanding the fact that he had sat on the application below as chairman of the Planning Board.

However, before a decision was reached by the County Council, a stipulation was entered into between County Council, the Planning Department, and plaintiff under the terms of which it was agreed that plaintiff's application should be returned to the Department of Planning for the receipt of additional evidence on three aspects of plaintiff's proposed shopping center, namely: (1) whether or not the comprehensive development plan of the County precluded approval of plaintiff's final plan, (2) whether or not such final plan was of suitable internal design, and (3) whether or not plaintiff's proposed shopping center would allegedly have an adverse effect on highway traffic in the vicinity of such proposed shopping center.

Following such rehearing, the Department of Planning found against plaintiff on all three of the above questions submitted for consideration. Thereupon, plaintiff again appealed to the Planning Board. A hearing was then held by such agency, which, after receiving legal advice, decided (1) 6 to 0 in favor of plaintiff as to the alleged incompatibility of plaintiff's plan with the County's comprehensive develop-

ment plan, (2) 4 to 2 for plaintiff in overruling the Department's rejection of plaintiff's plan on the ground of unsuitable internal design of his project, and (3) 3 to 3 to sustain the Planning Department's rejection of plaintiff's plan on the ground that it would have an adverse effect on vehicular traffic in the area.[1]

After the taking of the vote at the conclusion of the hearing, in which Chairman McCoy and two other Board members voted to affirm the ruling of the Department of Planning, Dr. McCoy announced that the Department's disapproval of plaintiff's plan had been sustained. However, on December 14, 1972, before the Board had filed a written opinion (in which Mr. Johnson's purported vote was rejected and Dr. McCoy's counted), Mr. Johnson, a Board member who had been absent at the November 21, 1972 hearing, wrote Dr. McCoy that if he had been present at the hearing in question, he would have voted to overrule the Department in all three areas under consideration.

Plaintiff thereupon again appealed to County Council, which, after a hearing held on January 9, 1973, unanimously affirmed the rejection of Mr. Johnson's proferred vote and the counting of Dr. McCoy's vote by the Board, and which, after admitting further evidence on the matters in issue, voted 4 to 3 to sustain the action of the Department insofar as it had rejected plaintiff's plan on the ground of its alleged adverse effect on the flow of traffic in the area.

■ Plaintiff having exhausted his administrative remedies now seeks to invoke the jurisdiction of this Court, contending that the rejection by the County authorities of his proposed final building plan was arbitrary, capricious and contrary to applicable law as well as the facts of record, including those having to do with the effect of plaintiff's proposed shopping cen-

ter on vehicular traffic in the area in issue. In so arguing, plaintiff makes the point that if the action of the County is allowed to stand without judicial review, he will, in effect, have been deprived of the intended use of his property without due process of law. He seeks an order from this Court directing County Council and the defendant Bauer, director of the Department of Planning, to approve plaintiff's plan or in the alternative the award of damages for the alleged taking of his property.

Defendants have moved for summary judgment of dismissal of this action for its alleged lack of jurisdiction of plaintiff's claim, contending that there are no genuine issues of material fact on the record before the Court and that defendants are accordingly entitled to judgment as a matter of law because a judicial review by way of a purported appeal to this Court is not provided for by statute, and that in any event, a judicial review is not here permitted under principles of general equitable jurisdiction inasmuch as the agencies below have acted in a quasi judicial rather than a legislative capacity. This is the decision of the Court on defendants' motion.

■ Were this a case in which the County Council had been asked to perform a purely ministerial duty and had refused, I would agree that plaintiff's remedy would be by way of a writ of mandamus addressed to the Superior Court, State v. Buck (Del.Super.) 275 A.2d 795. However, this is not that case but rather a different type of adversary proceeding in which an opportunity has been furnished to present facts and law in support of and in opposition to plaintiff's proposed plans for his property and the basic question is have his property rights been properly dealt with. Compare Allen v. Donovan, 43 Del.Ch. 512, 239 A.2d 227. Furthermore,

---

1. Plaintiff contends that on this issue the approval of the State Division of Highways of his proposed final plan was ignored.

even where there is no statute providing for a judicial review of administrative proceedings, there may be a constitutional right to such review, 2 Am.Jur.2d, Administrative Law, Sec. 566.

The question before the Court being one of whether or not plaintiff vis à vis the public interest has been accorded due process in a meaningful manner, Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 and compare Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548, I am of the opinion that he should be allowed to proceed in this Court to seek to demonstrate that either factually or legally or on both scores his rights in the lands here in issue have been improperly restricted by County action. Thus, if the action before the administrative agencies here involved can be shown by plaintiff to have been arbitrary or capricious, or in some other way to have constituted a denial of plaintiff's right to due process of law, then, he would, it would seem, be entitled to have the results reached in such administrative proceedings reviewed. Defendants' motion for summary judgment of dismissal of this action for lack of jurisdiction and for failure to state a cause of action will be denied.

An appropriate order may be submitted on notice.

On Reargument

Defendants, in moving for reargument, have failed to grasp the underlying rationale of the Court's ruling, namely that regardless of whether the defendants have acted on plaintiff's building plans in a legislative or in a quasi judicial manner, I am satisfied on the present record that plaintiff is entitled to seek to demonstrate that his property rights have been improperly dealt with by defendants in the proceedings of which review is sought.

In other words, neither certiorari, in which plaintiff would not be able to enlarge the present record, which he seeks to do, nor mandamus, a proceeding to compel the performance of a mere formal requirement or ministerial duty, would be adequate remedies for plaintiff in light of the relief sought. Compare Lynch v. Tunnell (Del. Supr.Ct.) 236 A.2d 369. See also State v. Buck, supra.

Finally, I am satisfied that the question of zoning, which defendants have sought to raise here, was not considered by any of the several defendants in connection with plaintiff's application for approval of his building plans and will not be considered here.

Defendants' motion for reargument is denied.