Joseph W. REMEDIO, Jr., Plaintiff below, Appellant,

v.

The CITY OF NEWARK et al., Defendants below, Appellees.

Supreme Court of Delaware.

Argued Nov. 15, 1974.

Decided April 2, 1975.

Stanley C. Lowicki, Wilmington, for plaintiff below, appellant.

Peter Warren Green, Newark, for defendants below, appellees.

Before HERRMANN, C. J., DUFFY, J., and QUILLEN, Chancellor.

PER CURIAM:

This is an appeal from the denial by the Superior Court of a writ of mandamus to require the City Council of Newark to approve a subdivision plan and issue a building permit.

■ In order to prevail upon this appeal, the plaintiff must show that the Superior Court abused its discretion in denying the writ of mandamus sought. Ingersoll v. Rollins Broadcasting of Delaware, Inc., Del.Supr., 272 A.2d 336 (1970); 2

Woolley on Delaware Practice, 1124, § 1653. This he has failed to do.

■ The extraordinary writ of mandamus is appropriate only where the plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty. McCoy v. State ex rel. Allee, Del. Ct.Err. & App., 2 Marv. 543, 36 A. 81 (1897); 2 Woolley on Delaware Practice, 1126, § 1655.

■ The record in this case does not establish the plaintiff's clear legal right to approval of his subdivision plan and a building permit thereunder; or that the defendants' duty in regard thereto was non-discretionary under 22 Del.C. Ch. 7; Newark City Charter, Sec. 901; Newark Municipal Code and the Subdivision Ordinances and Regulations thereof.

Under the governing laws and regulations, the City Council of Newark reserved unto itself the final decision upon "land subdivision matters". Its function in such matters was legislative or quasi-judicial and not ministerial. By Section 2–89 of the Newark Municipal Code it was provided:

"It shall be the duty of the Planning Commission, after considering the advice of the Planning Director, to advise the City Council on zoning and land subdivision matters as provided in the respective ordinances; * * *."

It was obvious, therefore, that the Planning Commission's recommendations to the Council were merely advisory, and the Council could either accept or reject them. In this regard, the instant case differs materially from the two cases upon which the plaintiff places main reliance: State ex rel. Daniel D. Rappa, Inc. v. Buck, Del. Super., 275 A.2d 795 (1971), dealt with the New Castle County Subdivision Regulations which reduced the County Council to ministerial and administrative functions only when acting upon subdivision plans which had the prior approval of the Planning Department [see Acierno v. Folsom,

et al., Del.Supr., 337 A.2d 309 (1975)]; and Leon N. Weiner & Associates, Inc. v. Carroll, Del.Supr., 276 A.2d 732 (1971) dealt not only with the enabling legislation, 22 Del.C. § 701, but also with the Dover Land Subdivision Regulations under which the Dover City Council reserved no power of review over the decisions of the Dover Planning Commission.

Upon the showing made in this case, we conclude that the Superior Court's denial of the writ of mandamus did not constitute an abuse of discretion.

Since the determinative issue is abuse of discretion, we do not reach the other grounds of appeal.

Affirmed.