IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY E. SAPIENZA, | : | |
| | : | C.A. No. K18M-09-001 WLW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE STATE UNIVERSITY | : | |
| POLICE DEPARTMENT, et al. | : | |
| | : | |
| Defendants. | : | |

Submitted: July 22, 2020
Decided: July 24, 2020

## ORDER

Defendants' Motion to Dismiss for Failure
to Prosecute or, in the Alternative, for
Judgment on the Pleadings
*Granted Without Prejudice.*

Ronald G. Poliquin, Esquire of The Poliquin Firm, LLC, Dover, Delaware; attorney for Plaintiff.

James D. Taylor, Jr., Esquire and Randall S. MacTough, Esquire of Saul Ewing Arnstein & Lehr, LLP, Wilmington, Delaware; attorneys for Defendants.

WITHAM, R.J.

1. Presently before the Court is Defendant's Motion to Dismiss the Complaint for Failure to Prosecute pursuant to Superior Court Civil Rule 41(b) ("Rule 41(b)"), or, in the alternative, for Judgment on the Pleadings pursuant to Superior Court Civil Rule 12(c) ("Rule 12(c)"). After considering Defendant's Motion, Plaintiff's Response in Opposition, the record of the case, as well as hearing arguments of counsel on July 22, 2020, it appears to the Court that:

2. Anthony Sapienza, Plaintiff in this case, was employed by the Defendant, Delaware State University, as a sworn police officer certified by Delaware Criminal Justice Council. On or about June 12, 2018, Plaintiff's employment was terminated.[1] Plaintiff claims that the termination violated his rights under Chapter 92, Title 11 of the Delaware Code, which is also referred to as the Law Enforcement Officers Bill of Rights ("LEOBR").

3. Plaintiff bases his allegations on the fact that he was not questioned at the agency headquarters or office of the local troop or police unit as required by 11 *Del. C.* § 9200(c)(2). Plaintiff further claims he wasn't informed of the name, rank, and command of the officer in charge of the investigation as required by 11 *Del. C.* § 9200(c)(3). He also claims that he was not informed in writing of the nature of the investigation prior to being questioned and was not informed of the results of the investigation in writing as required under 11 *Del. C.* § 9200(c)(4) and 11 *Del. C.* § 9200(c)(11). Finally, Plaintiff claims that he never received a hearing required by 11

---

[1] *See* Compl. ¶ 1-7. Plaintiff's employment was terminated during the probationary period for all new employees.

Plaintiff explains that his counsel's failure to appear at the status hearing was a mistake.[8] Plaintiff disputes that his rights' violations were technical in nature, claims that his Due Process rights were violated, and also states that even if the Court decided that the writ of mandamus was not the correct remedy, the dismissal of the case would still be inappropriate.[9] Finally, Plaintiff claims that the CBA did not supersede LEOBR in this case because Article XVI of the Agreement stated that certified police officers still were entitled to the Act's protections.[10]

6. Pursuant to Rule 12(c), any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. However, "[t]he standard for granting a motion for judgment on the pleadings is stringent," and the motion will be denied unless there are no material issues of fact and the movant is entitled to judgment as a matter of law.[11] Where a document is integral to the pleadings, the court may consider it in deciding a Rule 12(c) motion without converting it to one for summary judgment.[12] Delaware Superior Court Civil Rule 41(b) states that "for failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of

---

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 7.

[10] *Id.* at ¶ 10.

[11] *Bakotic v. Bako Pathology LP*, 2018 WL 6601172, at *2 (Del. Super. Dec. 10, 2018).

[12] *Id.*

any claim against the defendant."[13] The Court has discretion to dismiss a claim for failure to prosecute in order to ensure that its procedures are managed effectively.[14]

7. Here, some disagreement exists as to whether the parties actually engaged in meaningful discovery. Plaintiff also admits that neither him not his counsel attended a status hearing but contends that it was a mistake. Furthermore, the parties engaged in a settlement negotiation. Analyzing all these factors together, it does not appear to the Court that the dismissal for failure to prosecute is appropriate in this case, and, indeed, the Defendants have not pressed this issue.

8. LEOBR applies to all police officers. In this case, however, the relationship between the parties is governed by the CBA. Article XVI of the Agreement states that "LEOBR should apply to all employees covered by this agreement."[15] The Agreement in this case is somewhat ambiguous, and it is unclear whether it incorporates the Act in relation to *probationary employees*. Additionally, purely technical LEOBR violations do not warrant the issuance of a writ of mandamus.[16] Plaintiff here also alleges that his right to a hearing was not honored, which is not a purely technical violation.

9. Delaware courts recognize "the requirements of the procedural process due in employment termination cases as follows: (1) clear notice of the charge being

---

[13] *Ivory v. Harrington Raceway, Inc.,* 2016 WL 7468082, at *1 (Del. Super. Dec. 28, 2016).

[14] *Breeding v. Hillandale Farms of Del., Inc.,* 2011 WL 378847, at *1-2 (Del. Super. Jan. 28, 2011).

[15] *See* Defendant's Answer to Coml. Exhibit B p. 23.

[16] *See Smith v. Dep't of Public Safety of Del.,* 1999 WL 1225250, at *13 (Del. Super. Oct. 26, 1999).

considered; (2) a reasonable time interval to marshal facts and evidence to respond; (3) an explanation of the evidence supporting the charges; and (4) an opportunity to present plaintiff's side of the case in a manner which will allow a decision maker to weigh both sides."[17] Here, Plaintiff pled enough facts to infer that he may not have been afforded a proper process. Therefore, Plaintiff may be entitled to other remedies.

10. Nevertheless, even if Plaintiff was entitled to a hearing, the writ does not appear to be an appropriate remedy in this case. This conclusion follows from the fact that most of the alleged violations appear to be technical in nature, the fact that significant time passed since Plaintiff's termination, and the fact that the CBA in this case provides for officers' protections and procedures to follow in case of a disciplinary action. Accordingly, in *Stump v. Town of Middletown*, the Court refused to issue a writ of mandamus despite the fact that it determined that the officer *was* entitled to a hearing under the CBA that governed his employment.[18] This Court finds that the rationale of the *Stump* court is helpful.

11. "A writ of mandamus is designed to compel the performance of an official duty if it is shown that: 1) the complainant has a clear right to the performance of the duty; 2) that no other adequate remedy is available; and 3) that the officer, tribunal, board, or agency arbitrarily has failed or refused to perform its duty."[19] A

---

[17] *Id.* at *8 (citing *Barber v. City of Lewes*, 1997 WL 127951, at * 13 (Del. Super., Jan. 31, 1997).

[18] *See Stump v. Town of Middletown*, 2019 WL 1514206, at *3-5 (Del. Super. Apr. 8, 2019).

[19] *Id.* at *4 (citing *Land v. Carroll*, 810 A.2d 350 (Del. 2002).

writ of mandamus should be issued "in the exercise of a sound judicial discretion."[20] Additionally, a writ of mandamus is an extraordinary measure.[21] "Mandamus is an extraordinary writ used to compel performance of a duty by an administrative agency," public body, or public official which the Superior Court will issue only where the petitioner has shown a "clear legal right to the performance of a non-discretionary duty."[22]

12. Under the facts of this case, Plaintiff should consider a different form of relief. Accordingly, the Motion to Dismiss is **GRANTED** without prejudice.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[20] *Id.*

[21] *See Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

[22] *New Castle County v. Pike Creek Recreational Services, LLC*, 82 A.3d 731, 760-761 (Del. Ch. 2013) (quoting *Pleasanton v. Hugg,* 2010 WL 5313228, at *1 (Del. Super. Nov. 29, 2010) (talking about extraordinary measure)); (quoting *Ramedio v. City of Newark*, 337 A.2d 317, 318 (Del. 1975) (talking about clear legal right)).