# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22M-02-006 EMD |
| | ) | |
| TOWN OF ELSMERE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  June 27, 2023
Decided: September 27, 2023

*Upon Defendant Town of Elsmere's Motion to Dismiss*
***GRANTED***

Kate Butler, Esquire, Kate Butler Law LLC, Wilmington, Delaware.  *Attorney for Plaintiff Laura Giles.*

Scott G. Wilcox, Esquire, Moore and Rutt, P.A., Wilmington, Delaware.  *Attorney for Defendant Town of Elsmere.*

**DAVIS, J.**

## I.     INTRODUCTION

This is a civil action regarding a petition for a Writ of Mandamus and a claim for breach of the implied covenant of good faith.  Plaintiff Laura Giles ("Chief Giles") is petitioning for a Writ of Mandamus and a civil claim seeking an order requiring Defendant Town of Elsmere ("Elsmere") to allow Chief Giles to participate in the State of Delaware's County and Municipal Police and Fire Pension Plan ("State Pension Plan") and make the admission retroactive.[1]

---

[1] Pl.'s Am. Pet. for Writ of Mandamus and Civil Compl. (hereinafter "Am. Compl.") ¶¶ 4-5, 69 (D.I. No. 23).

Chief Giles initiated this action on February 3, 2022 when she filed a Complaint against Elsmere.[2]  On April 1, 2022, Elsmere moved to dismiss the Complaint (the "First Motion").[3] Chief Giles opposed the First Motion.[4]  The Court held a hearing on September 22, 2022.[5]  At the end of the hearing, the Court took the First Motion under advisement.  On December 20, 2022, the Court issued a decision granting the First Motion (the "Opinion"); however, the Court granted Chief Giles leave to file an amended complaint to attempt to plead the continuing tort theory and/or petition for Mandamus as to a present right to join the State Pension Plan.[6]

On February 8, 2023, Chief Giles filed the Amended Complaint, petitioning for a Writ of Mandamus (Count I) and asserting a claim for breach of the implied covenant of good faith (Count II).[7]  On April 13, 2022, Elsmere filed its Motion to Dismiss the Amended Complaint (the "Second Motion").[8]  Elsmere argues that Chief Giles failed to allege any continuing tort claim or grounds for a present right to Mandamus as directed by the Court's Opinion.[9]  On May 19, 2023, Chief Giles filed her Answering Brief in Opposition to Elsmere's Motion to Dismiss.[10]

The Court held a hearing on the Motion on June 27, 2023.  At the conclusion of the hearing, the Court took the Motion under advisement.  For the reasons stated below, the Court **GRANTS** the Motion.

---

[2] Pl.'s Pet. for Writ of Mandamus and Civil Compl. (hereinafter "Compl.") (D.I. No. 1).
[3] Def. Town of Elsmere's Mot. to Dismiss Compl. (hereinafter "Mot.") (D.I. No. 10).
[4] Resp. in Opp'n to Def. Elsmere's Mot. to Dismiss the Compl. under Sup. Ct. Civ. R. 12(b)(6) (hereinafter "Opp'n") (D.I. No. 14).
[5] Op. Granting the Mot. to Dismiss with Leave to Am. (hereinafter "Op.") at 5 (D.I. No. 20).
[6] *Id.* at 2, 39.
[7] Am. Compl. ¶¶ 4, 5, 69. (D.I. No. 23).
[8] Def. Town of Elsmere's Mot, to Dismiss Am. Compl. (hereinafter "Mot. II") (D.I. No. 32).
[9] *Id*. ¶5.
[10] Resp. in Opp'n to Def. Elsmere's Mot. to Dismiss the Compl. under Sup. Ct. Civ. R. 12(b)(6) (hereinafter "Opp'nII") (D.I. No. 34).

## II.    RELEVANT FACTS

### A.  BACKGROUND

Laura Giles is currently the Chief of Police in the Town of Elsmere.[11]  The Town of Elsmere is an incorporated municipality in New Castle County, Delaware.[12]  Elsmere hired Chief Giles as chief of police on April 25, 2011.[13]

Chief Giles began her career as an Elsmere police officer on November 10, 1986.[14]  Chief Giles is the "first female police officer and the only female police officer certified by the State of Delaware's Council on Police Training to have ever served as a police officer for the Town of Elsmere Police Department."[15]  Chief Giles retired from being an Elsmere police officer in 2006.[16]  Because Chief Giles served as an Elsmere police officer for twenty years, Chief Giles was vested in the Elsmere Police Pension Plan (the "Elsmere Pension Plan").[17]  After retirement, Chief Giles began receiving benefits under the then-applicable Elsmere Pension Plan.[18]

### B.  THE PENSION PLANS

On June 30, 2011, the Elsmere Pension Plan was closed to new members.[19] Subsequently, Elsmere made certain other pension plans available to then-eligible participants, including: (i) the Elsmere Police Secondary Pension Plan ("Secondary Pension Plan"); and (ii) the State Pension Plan.[20]  Elsmere created the Secondary Pension Plan for new police officers hired after July 1, 2011.[21]  Later in 2017, Elsmere allowed police officers who had completed

---

[11] Am. Compl. ¶ 21.
[12] *Id.* ¶ 7.
[13] *Id.* ¶ 23.
[14] *Id.* ¶ 8.
[15] *Id.*
[16] *Id.* ¶ 7.
[17] *Id.* ¶¶ 11, 28.
[18] *Id.* ¶ 9.
[19] *Id.* ¶ 12.
[20] *Id.*
[21] Elsmere, Del. Ordinance 538 (Ex. A to D.I. No. 34).

five years of service leave the Secondary Pension Plan and enter into the State Pension Plan.[22] Police officers hired before July 1, 2011 were moved from the Elsmere Pension Plan to the State Pension Plan, but only if they were not vested in the Elsmere Pension Plan.[23]

During a town meeting in 2011, David Craig, of the State Office of Pension, informed Chief Giles that she was not eligible for the State Pension Plan.[24] At a February, 2018 town meeting, Chief Giles asked about her ability to enroll in the State Pension Plan.[25] Mr. Craig told Chief Giles that the decision to enroll in the State Pension Plan was a matter between her and Elsmere.[26]

In 2020, Chief Giles was reviewing the Town of Elsmere Charter and discovered Article VII, Section 702(2)(i).[27] Section 702(2)(i) provides, "The Chief of Police shall be entitled to and shall receive all of the benefits given to all sworn police personnel including police pension."[28] Chief Giles decided against contacting her husband, Elsmere Town Manager John Giles, for advice "[o]ut of a desire not to appear as though she was seeking improper benefit by virtue of her marriage to the Town Manager."[29] Instead, Chief Giles contacted Tim Snyder, an attorney for the State Pension Plan, for a legal opinion.[30] In turn, Mr. Snyder contacted Jim McMackin, the attorney for Elsmere.[31]

On March 1, 2021, Mr. McMackin sent a letter to Chief Giles explaining that she was ineligible for the State Pension Plan for the following reasons: (i) Chief Giles accepted employment after being informed she could not enroll in a new pension plan; (ii) Chief Giles was

---

[22] Elsmere, Del. Ordinance 631 (Ex. A to D.I. No. 34).
[23] Elsmere, Del. Resolution 11-05 (Ex. A to D.I. No. 34).
[24] Amend. Compl. ¶ 32.
[25] *Id.* ¶ 44.
[26] *Id.* ¶ 45.
[27] *Id.* ¶ 55.
[28] *Id.* (citing Town of Elsmere Charter, Article VII, Section 702(2)(i)).
[29] *Id.* ¶ 56.
[30] *Id.* ¶ 57.
[31] *Id.*

already vested in the Elsmere Pension Plan in 2011; (iii) Elsmere and Chief Giles had been paying into Social Security since 2011; and (iv) Chief Giles had not been paying into the State Pension Plan since 2011.[32]

## C. THE COMPLAINT

On July 2, 2021, Chief Giles filed a Charge of Discrimination against Elsmere.[33] Chief Giles alleged that she was consistently denied entry into the State Pension Plan based on her sex.[34] On September 25, 2021, Elsmere filed a Position Statement, where it denied all allegations of discrimination.[35] On November 5, 2021, the Equal Employment Opportunity Commission issued a Right to Sue notice.[36]

On February 3, 2022, Chief Giles filed the Complaint.[37] The Amended Complaint was filed on February 8, 2022 and requests a Writ of Mandamus ordering Elsmere to enter Chief Giles into the State Pension Plan.[38] Chief Giles also asserts a claim for Breach of the Implied Covenant of Good Faith.[39]

## III.  PARTIES' CONTENTIONS

### A. PLAINTIFF'S AMENDED COMPLAINT

Under Count I, Chief Giles asks the Court for a Petition for Writ of Mandamus, ordering the Town of Elsmere to: (i) enter Chief Giles into the State Pension Plan; and/or (ii) enter Chief Giles into the State Pension Plan and provide three years' worth of contributions retroactively.[40]

---

[32] *Id.* ¶ 60.
[33] *Id.* ¶ 63.
[34] *Id.*
[35] *Id.* ¶ 64.
[36] *Id.* ¶ 65.
[37] *Id.* ¶ 66.
[38] *Id.* ¶¶ 68, 69.
[39] *Id.* ¶ 72.
[40] Am. Compl. ¶¶ 4, 5, 69.

Chief Giles argues that this is the appropriate remedy to compensate her for Elsmere's failure to extend equal employment benefits to her through their non-discretionary duty.[41]

Under Count II, Chief Giles asserts a claim for Breach of the Implied Covenant of Good Faith. On this claim, Chief Giles seeks damages and retroactive pension payments for the applicable statutory period.[42]

## B. THE SECOND MOTION TO DISMISS

Elsmere argues that the Court should dismiss the Amended Complaint because it continues to assert claims barred by the statute of limitations, and therefore does not assert claims on which the Court can grant relief.[43] Elsmere argues that the Court should dismiss Count I because: (i) Chief Giles does not allege any continuing tort claim or claim for a present right to Mandamus as directed by the Court; (ii) the applicable statute of limitations bars the petition for the Writ of Mandamus; and (iii) Chief Giles does not set forth any arguments for a clear legal right to a Writ of Mandamus.[44] Elsmere alleges that Chief Giles provides the same information—subject to the same statute of limitation—as in the original Complaint..[45] The Amended Complaint was filed twelve years after the conduct at issue occurred. Elsmere maintains that the statute of limitation period for this type of claim is three years.[46]

Elsmere also contends the Amended Complaint did not address whether Chief Giles has a right to participate in the State Pension Plan due to her participation and vesting in a different retirement plan, her hire date, and whether or not she accepted the position despite knowing she

---

[41] *Id.* ¶¶ 5, 73.
[42] *Id.* ¶¶ 5, 71, 72.
[43] Mot. II ¶¶ 4, 5.
[44] *Id.* ¶¶ 5, 7.
[45] *Id.* ¶ 5.
[46] *Id.* ¶ 8.

6

might not have access to the plan.[47]  Elsmere argues that because the right is doubtful and discretionary, the Court cannot grant the petition for a Writ of Mandamus.[48]

Elsmere asserts that the Court should dismiss Count II because: (i) the Court dismissed the Breach of the Implied Covenant of Good Faith claim and did not grant leave to amend on those grounds; (ii) the claim is barred by the statute of limitations; and (iii) the Amended Complaint still fails to allege that Elsmere acted with "the requisite fraud, deceit, or misrepresentation".[49]

Even if the Court did not dismiss the claim, Elsmere argues that it is still barred by the statute of limitations as the Amended Complaint was filed after the three-year statute of limitations had run.[50]  In addition, Elsmere contends that Chief Giles offers no evidence of a breach of contractual duty that would rise to the level of misrepresentation, and that mere "confusion" is not evidence of misrepresentation.[51]

## C. PLAINTIFF'S OPPOSITION TO THE SECOND MOTION

Chief Giles opposes the Second Motion arguing that the Amended Complaint sets forth a petition for a Writ of Mandamus for a present right to join the State Pension Plan, a claim for which the Court issued Chief Giles leave to amend.[52]  Chief Giles relies upon Elsmere's Charter that provides that "[t]he Chief of Police shall be entitled to and shall receive all of the benefits given to all sworn police personnel including police pension."[53]  Chief Giles further argues that

---

[47] *Id.* ¶ 11.
[48] *Id.* ¶ 12.
[49] *Id.* ¶¶ 5, 13, 15.
[50] *Id.* ¶ 14.
[51] *Id.* ¶ 15.
[52] Opp'n II ¶¶ 1, 6.
[53] *Id.* ¶ 3.

the right to be presently enrolled in the State Pension Plan is not barred by the statute of limitations.[54]

Regarding Mandamus as an appropriate remedy, Chief Giles claims she has a clear legal right to enroll in the State Pension Plan, and that there are no other adequate remedies.[55] Chief Giles maintains that Elsmere has no discretion regarding her enrollment because of the Town Charter's use of the "mandatory word 'shall'" pertaining to "the right of the Chief of Police to participate in the police pension."[56] Because this is a "clear legal right," Chief Giles contends that her vesting in the prior pension plan and her hire date are irrelevant as to her eligibility for the State Pension Plan, because "all of the Town's sworn police personnel were entitled to participate" after July 1, 2011.[57]

In the Opposition, Chief Giles continues to seek retroactive pension contributions, arguing that this remedy is consistent with the statute of limitations applicable to a Writ of Mandamus.[58] However, Chief Giles agrees to dismiss Count II of the Amended Complaint.[59]

## IV. STANDARD OF REVIEW

The standard of review upon a motion to dismiss under Civil Rule 12(b)(6) allows for a broad test of sufficiency.[60] The test asks "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[61] When viewing a motion to dismiss, the Court (i) accepts all well pleaded factual allegations as true, (ii) accepts even vague allegations as "well pleaded" as long as the opposing party is put on notice, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses if the

---

[54] *Id.* ¶ 4.
[55] *Id.* ¶¶ 3, 8.
[56] *Id.* ¶ 10.
[57] *Id.* ¶¶ 8, 10, 12-15.
[58] *Id.* ¶ 16.
[59] *Id.* ¶ 17.
[60] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[61] *Id.*

8

plaintiff would not be entitled to recover under any reasonable circumstances.[62]  However, the

Court must "ignore conclusory allegations that lack specific supporting factual allegations."[63]

## V.    DISCUSSION

### A.  THE COURT WILL GRANT THE SECOND MOTION AND DISMISS COUNT II

Every contract in Delaware has an implied obligation of good faith and fair dealing.[64]  In

a claim for breach of the implied covenant of good faith, the Court must "extrapolate the spirit of

the agreement through the express terms and determine the terms that the parties would have

bargained for to govern the dispute had they foreseen the circumstances under which their

dispute arose."[65]  However, the Court will not imply a contractual obligation where the contract

expressly addresses the issue of the alleged wrong.[66]  Ultimately, "to state a claim for breach of

an implied covenant of good faith and fair dealing, the Plaintiffs must identify a specific implied

contractual obligation."[67]  To constitute a breach of the implied covenant of good faith, the

employee must prove the employer acted with "fraud, deceit, or misrepresentation."[68]  A claim

for breach of the implied covenant of good faith has a three-year statute of limitations.[69]

Count II of the Amended Complaint seeks recovery under a breach of the implied

covenant of good faith theory.  During the briefing on the Second Motion, Chief Giles has agreed

to dismiss Court II of the Amended Complaint.  Accordingly, the Court will **GRANT** the Second

Motion as to the breach of contract claim.

---

[62] *See Central Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[63] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).
[64] *Kelly v. McKesson HBOC, Inc.*, 2002 WL 88939, *10 (Del. Super. 2002) (citing *Chamison v. Healthtrust, Inc.*, 735 A.2d 912, 920 (Del. Ch. 1999)).
[65] *Id.*
[66] *Id.* (internal citations omitted).
[67] *Id.* (internal citations omitted).
[68] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101 (Del. 1992) (citing *Magnan v. Anaconda Industries, Inc.*, 429 A.2d 492, 494 (Conn. Super. 1980)).
[69] *Schuster v. Derocili*, 775 A.2d 1029, 1034 (Del. 2001) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 1996 WL 769331, (Dec. 31, 1996)).

## B. CHIEF GILES FAILS TO STATE A VIABLE MANDAMUS CLAIM

A Writ of Mandamus is "appropriate only where the plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty."[70] The Writ is only granted when the right which is sought to protect is clearly established.[71] A Writ of Mandamus is not granted if the right is doubtful, or the duty is discretionary.[72] For a duty to be ministerial, it "must be prescribed with such precision and certainty that nothing is left to discretion or judgment."[73] Under 10 Del. C. §8106, a three-year statute of limitation is placed on a cause of action based on a statute.[74] A claim involving the initial right to receive pension may be barred by the statute of limitations.[75] However, once the right to receive a pension is established, the right to receive each installment is a continuing right.[76]

Chief Giles petitions the Court for the issuance of a Writ of Mandamus. The purpose of the Writ would be to order Elsmere to enter Chief Giles into the State Pension Plan.[77] Chief Giles argues that since the language in the Town of Elsmere Charter contains "shall," she has a present right to gain entry to the State Pension Plan, and that the right is allegedly non-discretionary.[78]

Elsmere argues that the Court should dismiss Count I claim because: (i) Chief Giles does not allege any continuing tort claim or claim for a present right to Mandamus as directed by the Court; (ii) right to file a petition for Mandamus has expired under the three-year statute of

---

[70] *Remedio v. City of Newark*, 337 A.2d 317, 318 (Del. 1975) (citing *McCoy v. State ex rel. Allee*, Del Ct. Err. & App., 36 A. 81 (1897)).
[71] *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 211 (Del. 1975) (citing *McCoy*, 26 A. 81 (1897)).
[72] *Id.*
[73] *Darby*, 336 A.2d 209, 211 (Del. 1975) (internal citation omitted).
[74] 10 Del. C. § 8106, DE ST TI 10 § 8106(a)
[75] *Williams v. Levine*, 1977 WL 185713, at *1 (Del. 1977) (citing *Dillon v. Board of Pension Commissioners*, 116 P.2d 37 (Cal. Supr. 1941)).
[76] *Id.*
[77] Am. Compl. ¶ 4.
[78] Opp'n II ¶ 10.

limitation requirement; and (iii) Chief Giles does not set forth any arguments for a clear legal right to a Writ of Mandamus.[79]

The Court finds two insurmountable issues with Chief Giles' Petition. First, Chief Giles had a limited time to present this claim and the statute of limitations has expired. Under 10 Del. C. §8106, a three-year statute of limitation is placed on a cause of action based on a statute.[80] A claim involving the initial right to receive a pension may be barred by the statute of limitations.[81] However, once the right to receive a pension is established, the right to receive each installment is a continuing right.[82]

Chief Giles contends that the purported wrong is that Elsmere did not put her into the State Pension Plan—*i.e.*, a right to receive a pension. While Chief Giles may have had a right to join the State Pension Plan, that right accrued on April 25, 2011. Because the statute of limitations is three years for a cause of action based on a statute, Chief Giles needed to begin suit for the right to join the State Pension Plan by April 25, 2014. Chief Giles did not bring this claim until February 2022. As such, Chief Giles petition is barred by the statute of limitations.

Second, the Court cannot grant Chief Giles' petition because Chief Giles never had a right to enter the State Pension Plan. The Court notes there are two scenarios under which an Elsmere police officer, hired in 2011, could be enrolled in the State Pension Plan. Chief Giles does not qualify under either scenario. As discussed above, officers hired after July 1, 2011 were required to enter the Secondary Pension Plan.[83] Members of the Secondary Pension Plan were then eventually able to move into the State Pension Plan.[84] This does not apply to Chief Giles

---

[79] Mot. II ¶ 5, 7.
[80] 10 Del.C. § 8106, DE ST TI 10 § 8106(a)
[81] *Williams v. Levine*, 1977 WL 185713, at *1 (Del. 1977) (citing *Dillon v. Board of Pension Commissioners*, 116 P.2d 37 (Cal. Supr. 1941)).
[82] *Id.*
[83] Elsmere, Del. Ordinance 538 (Ex. A to D.I. No. 34).
[84] Elsmere, Del. Ordinance 631 (Ex. A to D.I. No. 34).

because she was not hired after July 1, 2011. Chief Giles' hire date was April 25, 2011.[85] The second scenario is that existing police officers who were not vested in the Elsmere Pension Plan in 2011 could join the State Pension Plan.[86] Chief Giles does not qualify under this scenario either because, by 2011, Chief Giles was vested in the Elsmere Pension Plan.[87]

Elsmere also argues that Chief Giles either knew of her lack of eligibility as to the State Pension Plan prior to taking the Chief of Police position or waived the possibility of joining.[88] The Court need not address that fact-specific issue on a Civil Rule 12(b)(6) motion as, according to Elsmere's ordinances, Chief Giles was not eligible or qualified to be enrolled in the State Pension Plan based on her hire date and vesting in the Elsmere Pension Plan. Chief Giles does not have a present right to join the State Pension Plan and therefore this Court cannot issue the Writ of Mandamus.

## VI.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion.

**IT IS SO ORDERED**

Dated: September 27, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:    File&ServeExpress

---

[85] Am. Compl. ¶ 23.
[86] Elsmere, Del. Resolution 11-05 (Ex. A to D.I. No. 34).
[87] Am. Compl. ¶ 11, 28.
[88] Mot. II ¶ 11.