150 A.2d 327 (1959)
Lillian A. ROGERS, Plaintiff,
v.
Zelma H. JONES, Defendant.
Court of Chancery of Delaware, Kent.
March 6, 1959.
Harold Schmittinger, Dover, for plaintiff.
George Wright, Dover, for defendant.
SEITZ, Chancellor.
By written lease dated July 2, 1958, plaintiff leased to defendant what was designated as "Mi-Lady Beauty Shop" along with all the equipment thereof and the premises whereon the business was being operated. The lease was for one year and the rental was $100 per month. This lease was the successor to a lease which was executed by the parties in 1955 and which continued until the execution of the existing lease. The earlier lease covered practically the same subject matter but the rental payments were somewhat different.
Plaintiff's complaint alleges, inter alia, that defendant intends to close the business known as Mi-Lady Beauty Salon for the balance of the term of the lease and thus will destroy plaintiff's business. It is further alleged that defendant is negotiating to open a new beauty parlor elsewhere. At the time of the argument defendant's counsel conceded that defendant had actually entered into an agreement to open a new beauty parlor, also in the City of Dover. It is alleged on information and belief that defendant intends to divert as many customers of *328 Mi-Lady Beauty Salon as possible to the new establishment which defendant intends to open.
Plaintiff seeks an order at this stage restraining defendant from closing the business known as Mi-Lady Beauty Salon and restraining her from opening another beauty salon business in the City of Dover.
Defendant claims that plaintiff has not made a showing which would entitle her to a restraining order.
Plaintiff concedes there is no express provision in the lease restricting the use of the premises to any particular purpose. However, plaintiff contends that the provisions of the lease, when considered in conjunction with the surrounding circumstances at the time the lease was executed, show that the premises were to be used solely as a beauty parlor. Upon this premise, plaintiff contends that the law will imply a covenant on the part of the lessee not to use the premises for any other purposes. The plaintiff cites numerous authorities. See, for example, 151 A.L.R. 312.
Assuming that the authorities support plaintiff's position, the difficulty I have with plaintiff's contention is that there is no suggestion in the complaint that defendant intends to use the premises for another purpose. Indeed, the complaint seems to suggest that the premises are to be kept vacant. Consequently, I do not see how the authorities cited are applicable to this case.
Plaintiff next asserts that the law implies an obligation on the tenant to use the premises so as not to expose them to waste. She then argues that where the acts of the tenant will impair the rental value and the fair market value of the premises, injunctive relief will be granted to prevent such waste.
There is no allegation in the complaint suggesting that defendant intends to commit waste or otherwise manage the leased property in a way which will result in damage thereto. I do not believe the closing of the business in and of itself is an act of waste.
I need not decide whether a court would imply, as a provision of this lease, an agreement by the tenant that he would operate a beauty shop on the premises. I say this because, even if such a provision were implied, this court would not restrain the defendant from closing the business, at least not under the circumstances here alleged. This is so because a court of equity will not grant positive relief in the form of a negative injunction, at least where acts of a continuing affirmative nature would thereby be required. See 2 McAdam, Landlord and Tenant, 5th Ed., pp. 1602-1603; compare Fitzpatrick v. Michael, 177 Md. 248, 9 A.2d 639.
I note that plaintiff cites no case where the court issued an injunction in a situation similar to the present. Practically all of the cited cases arose under an action to forfeit the lease for failure to observe a particular covenant. Nor has the court been able to find a case where such a restraining order has been granted. The case of Emmons v. D. A. Schulte, Inc., 13 Del.Ch. 336, 120 A. 221, is cited by plaintiff. It involved a case of alleged waste by the tenant and is not in point.
I conclude that the mere termination by defendant of the beauty salon operation, in and of itself, does not form the basis for granting a restraining order. What right plaintiff may have to terminate the lease, if desired, I need not decide.
Plaintiff also seeks to enjoin defendant from operating the new beauty salon on the ground that equity will grant an injunction to prevent the tort of unfair competition. Admittedly, there is no provision in the lease prohibiting defendant from opening up a business similar to that which was leased to defendant. Such restraints are not readily implied.
*329 Assuming that an attempt by defendant to divert customers from the old to the new business would constitute unfair competition, the complaint falls far short of alleging facts sufficient to warrant the granting of relief. Indeed, even though defendant were to attempt to divert customers, would it follow that defendant would be restrained from operating any beauty salon? In any event, plaintiff alleges solely on information and belief that defendant intends to divert customers. It is not only on information and belief but, more important, it does not suggest that such intention has been carried into action. It need not necessarily be so. Thus, I do not find any basis at this stage for granting an order which will prohibit the defendant from opening up and operating a new beauty salon.
It follows that plaintiff's request for a restraining order should be denied.
Present order on notice.