COUNCIL 81, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, et al., Plaintiffs, and

Federation of Delaware Teachers, an unincorporated association, et al., Intervening Plaintiffs,

v.

The STATE of Delaware, DEPARTMENT OF FINANCE, and William Bradford, Jr., Defendants.

Court of Chancery of Delaware, New Castle.

Feb. 22, 1972.

Harvey B. Rubenstein, Wilmington, for plaintiffs.

Clifford B. Hearn, Jr., Wilmington, for intervening plaintiffs.

Richard S. Gebelein, Deputy Atty. Gen., State of Del., for defendants.

DUFFY, Chancellor:

Plaintiffs are a union certified as the exclusive bargaining representative of certain State employees, the Executive Director of the local council of that union, and a State employee.[1] Defendants are the State of Delaware, the Department of Finance (which is responsible for the payment of salaries of State employees) and the Secretary of Finance, who is the administrative head of the Department. Without objection, the Federation of Delaware Teachers and certain of its officers were permitted to intervene as party plaintiffs. For present purposes it is unnecessary to distinguish between plaintiffs and intervening plaintiffs.

All plaintiffs seek a judgment declaring that under a State statute salaries of employees may be paid before the dates on which they are now paid by the Department of Finance. Pending a decision on the merits, plaintiffs moved for a preliminary injunction, the effect of which would require the State to make payment of salaries on the fifteenth and last days of each month (or prior thereto) for work done in periods ending on each of those days respectively. This is the decision on that motion.

A.

■ Defendants have not yet answered but they appeared at the hearing and opposed the motion. No question has been raised as to the standing of plaintiffs, the immunity of the State nor the subject matter jurisdiction of this Court.[2]

B.

29 Del.C. § 2713 provides:

"The salaries of State officials and employees shall be paid semi-monthly, the first payment to be made on or before the fifteenth day of each calendar month by the payment of one-half of the statutory or stipulated monthly salary or one-twenty-fourth of the statutory or stipulated annual salary, for the period from the sixteenth day of the preceding calendar month to the last day of the preceding calendar month; and the second payment to be made on or before the last day of each calendar month by the payment of the remaining one-half of statutory or stipulated monthly salary or one-twenty-fourth of the statutory or stipulated annual salary, for the period from the first day of each calendar month to the fifteenth day of each calendar month."

On January 6, 1972 the Attorney General gave the Secretary of Finance an opinion to the effect that, under this statute, payment of salaries may be made "no earlier than the first of the month" for work performed in the last half of the preceding month and "no earlier than the sixteenth day of the month" for work performed in the first half of that month.

Plaintiffs' prayers for relief are stated in terms of restraint upon defendants: they seek an order "restraining defendants . . . from making payment of salaries of State employees in accordance with the Attorney General's Opinion . . . ." But in their motions plaintiffs ask for what amounts to a mandatory injunction: an order requiring defendants to pay State em-

---

1. The complaint alleges a class suit but I understand from the statements of counsel at oral argument that this claim will be withdrawn.

2. A remedy in the form of mandamus is probably not available at law since the statute in question gives a discretion to the Secretary of Finance; a writ of mandamus is appropriate only when a petitioner shows a clear right to enforce a pre-existing duty. Webb v. Diamond State Telephone Company, Del.Ch., 237 A.2d 143 (1967).

ployees on the fifteenth and last days of each month.

At this early stage it is somewhat difficult to identify exactly what it is that plaintiffs seek, the cause of action which they assert and the legal rationale in support of their claims. But in getting at these it may be helpful to locate the Attorney General's position in the scheme of things.

■ The authority by which the Attorney General issues opinions is stated in 29 Del.C. § 2504(b), which provides:

"The State Department of Justice and the Attorney General shall have the following powers, duties and authority:

.  .  .  .  .  .

(b) Notwithstanding the provisions of any other laws, to provide legal advice, counsel and services for administrative offices, agencies, departments, boards, commissions, and officers of the State Government concerning any matter arising in connection with the exercising of their official powers or duties. . . ."

The statutory language connotes that an opinion of the Attorney General is advisory and thus not binding on those to whom it is given. Indeed, the Supreme Court has stated that any opinion of the Attorney General is just that: simply a legal opinion. State ex rel. Davis v. Woolley, Del.Supr., 9 Terry 34, 97 A.2d 239 (1953). It is not a decree nor an order binding upon the Secretary; he, therefore, is not bound to follow it. And in view of this, it seems to me that any analysis of the issue in terms of following or not following the advice of the Attorney General is not helpful. The key issues involve the meaning of the statute and what the Secretary may do under it. And for the present limited purposes, this means considering

them only in terms of the right to a preliminary injunction.

### C.

■ Plaintiffs argue that they are entitled to injunctive relief to preserve the *status quo*. That is a familiar basis for equity action pending the final determination of litigation, Richard Paul, Inc. v. Union Improvement Co., Del.Supr., 32 Del.Ch. 332, 91 A.2d 49 (1952), but it is not applicable here because the State changed its payment dates with the February 15 payroll and thus the present "status" is different from the affirmative relief which plaintiffs seek in a temporary order.

■ Relying on Sandler v. Schenley Industries, Inc., 32 Del.Ch. 46, 79 A.2d 606 (1951), plaintiffs argue also that, in order to succeed with the motion, they need only show a reasonable probability of ultimate success, *or*, that failure to issue the injunction will work irreparable harm. I do not have to consider whether a right to injunctive relief can be established upon such a simplistic showing (as to which I have doubt) because plaintiffs seek not restraint but command: they want, in the words of their motions, an "order . . . requiring defendants . . . to make payment of salaries" on specified days. In essence, they want a mandatory order and that involves quite a different test.[3] It is a well settled principle of equity that a preliminary mandatory injunction will not issue unless the legal right to be protected is clearly established. Steiner v. Simmons, Del.Supr., 35 Del.Ch. 83, 111 A.2d 574 (1955).

Plaintiffs' evidence established that a state employee (a hospital attendant) with semi-monthly net pay of $158 needs those few dollars as quickly as she could get them to support herself and three children.

---

3. A court of equity will not grant positive relief in the form of a negative injunction, at least where acts of a continuing nature would thereby be required. Rogers v. Jones, 38 Del.Ch. 288, 150 A.2d 327 (1959).

Such need is equally implicit in the pay scale offered in evidence which begins at $3,204 annually or about $133 semi-monthly (before any deductions). Any delay in payment of salary may (and does for the employee who testified) work "harm" which is not reparable in the ordinary course of events. But this is harm in the sense of personal hardship, not that which flows from a disregard of legal right. And, unhappily, the two concepts are not necessarily synonymous.

■ The statute gives the Secretary a broad discretion as to the time of payment and plaintiffs concede as much. · But even assuming that the Secretary could exercise his discretion to pay salaries before the fifteenth and the last days of the month, I find nothing in it which, in the words of *Steiner*, gives plaintiffs a "legal right" to such payment. And absent such a right, the injunction cannot issue.[4]

■ The State tacitly concedes that the present policy changes a payment practice which has been in effect since the present statute was enacted in 1955. But there is no showing that any estoppel is operative against the State nor is it necessary to go to prior law for guidance as to the meaning of the present statute. It is clear enough: plaintiffs are not now entitled to an order upon the Secretary to pay salaries on the dates which they seek.[5]

\* \* \* \* \* \*

Plaintiffs' application for a preliminary injunction is denied.

It is so ordered.

---

4. Generally speaking, a court will not interfere with the exercise of discretionary powers vested in a public official in the absence of fraud, corruption, improper motives, plain disregard of duty, gross abuse of power or violation of law. L. G. De Felice and Son, Inc. v. Argraves, 19 Conn.Sup. 491, 118 A.2d 626 (1955); see also New Jersey State AFL–CIO v. State Fed. of Dist. Bds. of Ed., 93 N.J. Super. 31, 224 A.2d 519 (1966); 43 C.J.S. Injunctions § 108b.

5. At oral argument plaintiffs sought an order which would, in effect, authorize or compel the Secretary to pay salaries before the end of each pay period. To the extent that involves pre-payment of salaries not yet earned, there is no showing that plaintiffs are entitled to such an order.