The **LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1029, Plaintiff,**

v.

The **STATE of Delaware, Acting Through the DEPARTMENT OF HEALTH AND SOCIAL SERVICES et al., Defendants.**

Court of Chancery of Delaware.

July 16, 1973.

Harold Schmittinger and Wilmer C. Bettinger of Schmittinger & Rodriguez, Dover, for plaintiff.

Richard S. Gebelein, Deputy Atty. Gen., Dept. of Justice, Wilmington, for defendants.

BROWN, Vice Chancellor.

The plaintiff in this action is Local 1029 of the Laborers' International Union of North America (hereinafter the "Union"). Pursuant to 19 Del.C. Ch. 13 it is the certified exclusive bargaining representative of more than 300 employees of the Delaware Department of Health and Social Services, Division of Mental Retardation, Hospital for the Mentally Retarded at Stockley (hereinafter the "Facility"). The defendant herein is the State of Delaware, which, through its Department of Health and Social Services (hereinafter the "Department"), and its State Personnel Commission (hereinafter the "Commission"), operates the Facility and refuses to bargain collectively with the Union on certain matters which are the subject of this litigation.

In November of 1971, the Union and the Facility began collective bargaining negotiations in order to fashion a new contract before the one then in existence expired on January 1, 1972. During the course of these negotiations, the Union made six various proposals upon which the Facility refused to bargain. These proposals involved (1) premium pay for holidays worked, (2) leave with pay for Union officials to conduct internal union business, (3) premium pay for double shift worked, (4) accumulation of sick leave for use as vacation leave, (5) hazardous duty pay and (6) reimbursement for accumulated sick leave upon voluntary resignation. The Facility took the position that the proposals were beyond the permissible scope of collective bargaining claiming that bargaining on those matters is precluded by the provisions of 29 Del.C. Ch. 59 and the State Merit System Rules, as administered by the State Personnel Commission.

Despite this impasse, the parties, to their credit, managed to reach agreement on a contract which is now in force. Moreover, they also agreed to reopen negotiations on the disputed proposals deemed non-bargainable by the Personnel Commission if this Court should determine that they are properly the subject of collective bargaining under Delaware Law. The Union now seeks a mandatory injunction to compel the Facility to bargain on its proposals. This is the decision on whether the Facility should be compelled to bargain on the Union's proposals.

A.

If one were to look solely at the provisions of 19 Del.C. Ch. 13 it would seem

that the Facility is obligated to bargain in good faith on all the Union's proposals. Section 1309 requires, in part, that "no public employer shall refuse to engage in collective bargaining with the exclusive bargaining representative". Such collective bargaining "with respect to employment relations", 19 Del.C. § 1301(e), includes good faith negotiations on "matters concerning wages, salaries, hours, vacations, sick leave, grievance procedures and *other terms and conditions of employment*". 19 Del.C. § 1301(c).

It seems clear, without going into a detailed explanation, that each of the Union's proposals falls within Section 1301(c)'s broad definition and is, therefore, a proper subject for collective bargaining, as far as 19 Del.C. Ch. 13 is concerned. However, as the defendant points out, the difficulty arises when one attempts to reconcile the Union's demands for collective bargaining with the provisions and purposes of the State's Merit System of Personnel Administration. 29 Del.C. Ch. 59.

### B.

The general purpose of the State's Merit System, as found in 29 Del.C. § 5902 is:

". . . to establish for this State a system of personnel administration based on merit principles and scientific methods governing the employees of the State in the classified service, consistent with the right of public employees to organize under chapter 13 of title 19."

To that end, Subchapter III directs and provides for the formulation and adoption of Rules by the State Personnel Commission covering employees in the classified service.

Some of these Rules, which cover many of the terms and conditions of public employment, inevitably conflict with the scope of collective bargaining authorized under 19 Del.C. Ch. 13. In an obvious effort to reconcile these differences, the General Assembly adopted 29 Del.C. § 5938.[1] It attempts to delineate where State Personnel Commission Rules take precedence over collective bargaining, and where they do not. Therefore, an interpretation of the provisions of Section 5938 is necessary to resolve the questions here at issue.

Section 5938(b) provides that:

"*Except as expressly provided in subsection (c)* of this section, nothing contained in this chapter or in the rules shall *deny, limit or infringe* upon any collective bargaining agreement or the *authority and duty* of the State or any agency thereof to engage in collective bargaining with the exclusive bargaining representative under chapter 13 of title 19." (Emphasis added).

The apparent converse of this subsection is that under the provisions of 5938(c), certain rules adopted pursuant to the statutes therein cited do "deny" and "limit" the "authority and duty" of a state agency to engage in collective bargaining. Section 5938(c) reads as follows:

"(c) The rules adopted or amended by the Commission under the following sections shall apply to any employee in the classified service represented by an exclusive bargaining representative or covered by a collective bargaining agreement under (Chapter 13, Title 19, Delaware Code:) sections 5915 through 5921, and sections 5933, 5935, and 5937, Title 19."

---

I. At least one codified version of 29 Del.C. § 5938 is inaccurate. Reference should be made to the original version in 56 Del.Laws, Ch. 376, § 7, eff. June 1, 1968, which provides as follows in its preamble:

"Whereas, the statute establishing the merit system of personnel administration for the employees of the state (Chapter 59, Title 29, Delaware Code) did not ex-

pressly define its relationship to the statute recognizing the right of public employees to organize (Chapter 13, Title 19, Delaware Code); and

"Whereas, it is in the public interest to resolve any potentially inharmonious or inconsistent areas in order to insure the appropriate functioning of each statute with due regard to the other;"

The categories covered by the excepted sections, and as to which the merit system rules are controlling and collective bargaining is unauthorized, are as follows according to their statutory catch-lines: "Classification, uniformity; appeal of classifications." (§ 5915); "Uniform pay plan" (§ 5916); "Competitive examinations" (§ 5917); "Promotions" (§ 5918); "Eligibility lists" (§ 5919); "Rejection for unfitness" (§ 5920); "Appointment of highest ranking candidates" (§ 5921); "Leaves" (§ 5933); "Veterans' preference" (§ 5935); and "Preference for residents" (§ 5937).

Therefore, if the six proposals of the Union fall within the limitations of Section 5938(c), they are not proper subjects for collective bargaining and the Facility cannot be compelled to bargain on them.

### C.

Before considering each proposal individually in the context of Section 5938(c), a word should be said about what the Court believes must be its approach to the problem. Both the Merit System and the right of public employees to organize are of relatively recent origin. They are both creations of the General Assembly and, since there is little guidance in case law as to how they should be implemented, the Court must look to the statutes and the legislative history to resolve conflicts between the two programs.

Having studied the statutes and the available legislative history, I am of the opinion that where there is uncertainty as to areas where the General Assembly has indicated a clear intention to deny collective bargaining, any doubt should be resolved in favor of the Merit System. The Merit System has been instituted to create a uniformity of protection and treatment for public employees. The sections listed in section 5938(c) are those in which uniformity of treatment would seem most essential if the system is to have meaning, particularly those which attempt to deal with classification based on ability, equal compensation for commensurate ability and responsibility, promotions and time off from work with pay. If each agency is to bargain with the bargaining representative of its employees on such things as the amount of pay for holidays and double shifts worked, the amount of authorized leave with pay, the use of accumulated sick leave as additional vacation with pay, etc., then the obvious result will be to have employees of the same classifications receiving different compensation and different leave arrangements for different purposes based solely upon the agency they work for and the success of their collective bargaining representatives. Section 5938(c) seems designed to prevent this while the remainder of the statute allows for bargaining on various other matters. I am therefore reluctant to expand the scope of collective bargaining so as to effectively encroach upon rules adopted pursuant to the statutes protected by Section 5938(c) without clear legislative direction to do so.[2]

### D.

Turning to the specific Union proposals, the first involves premium pay for holidays worked. The defendant contends that Merit System Rule 6.0312[3] was adopt-

---

2. Such pressure on the courts was forewarned in a recent article:
   "Where genuine collective bargaining is new, . . . the unions are still primarily occupied with recognition, financial terms, and the union security. With time they can be expected to press for expansion of the scope of bargaining, and then the problems will come clearly into focus." Wellington & Winter, Structuring Collective Bargaining in Public Employment, 79 Yale L.J. 805, 857 (1970).

3. Merit System Rule 6.0312 provides:
   "If, in the course of his regular service, an employees in a position of a class below grade 25 is required to work on a day observed as a legal holiday, he shall be given an additional day off or, if such additional day off cannot be given because

ed pursuant to 29 Del.C. § 5916 and precludes collective bargaining on the Union's proposal for such premium pay. The Union concedes that its proposal would result in rendering a merit system rule inapplicable, but denies that Rule 6.0312 was adopted pursuant to Section 5916, pointing out that this statute specifically requires that the rules provide for a "pay plan", that the pay plan becomes effective only after approval by the Governor and that nothing shall be contained in the pay plan "except the salary and wage schedule". Thus, the Union argues, since Section 5916 authorizes a pay plan and nothing more, and since the pay plan is limited to only a wage and salary schedule, Rule 6.0312 could not have been adopted pursuant to the statute. I think this is construing the statute in too narrow a fashion.

As I see it, the statute directs the Commission to enact such rules as may be necessary to provide a pay plan which may then be submitted for appropriations and approval. True, the pay plan to be submitted for approval is limited to a wage and salary schedule. However, it would seem that in order to arrive at a realistic pay plan there would have to be certain understandings and limitations as to such wage related matters as extra duty, pay, etc. Section 5916 does not limit the Commission to the adoption of a pay plan per se, but rather authorizes it to adopt such rules as may be necessary to provide for the overall pay plan. I am therefore of the opinion that although Rule 6.0312 is not a salary or wage schedule as such, it could reasonably have been adopted pursuant to Section 5916 as part of the general rule-making power incident to the formulation of a pay plan. Consequently, as provided by Section 5938(c), the Facility cannot be re-

quired to negotiate on the Union's premium pay proposal.

The Union's second proposal involves leave with pay for Union officials to conduct internal union business. Section 5933 provides "The rules shall provide for annual, sick and special leaves of absence, with pay or at reduced pay." I am of the opinion that Rule 6.0560 [4] precludes collective bargaining on this Union proposal. Rule 6.0560 is adopted under Section 5933 since it is the only statute authorizing rules relating to leave with pay. Its language regarding "other similar job related activities" would seem broad enough to include the Union's leave proposal. Bargaining for leave in addition to that set forth in the Rule is therefore barred by Section 5938(c).

The Union's third proposal asks for bargaining on premium pay for a double shift worked. Rules 5.1012 and 5.1013, also apparently adopted under Section 5916, allow for additional compensation for work performed in excess of the standard work week. As such, they prohibit any negotiation on pay in excess of that amount.

The Union's fourth proposal for collective bargaining seeks the accumulation of sick leave for use as vacation leave. Since Rule 6.0320 allows accumulation and reimbursement of sick leave credit in only three instances (retirement, lay-off, or death), and again, since it must necessarily have been adopted pursuant to Section 5933, the defendant cannot be compelled to bargain collectively on such a proposal.

The subject of the Union's fifth proposal, hazardous duty pay, is already defined and regulated by Merit System Rules 5.-1040 et seq. Such Rules necessarily for-

---

of the work situation, he should be paid additionally at straight time for each hour worked on the day observed as a holiday, even though such time worked may be part of his regular service."

4. Rule 6.0560 provides:
"*Administrative leave.* Any employee will be granted leave of asbence with pay to

serve as adelegate to conventions of unions or employee organizations; to participate in or attend training courses, sessions, conferences or seminars; and to engage in other similar job-related activities . . . Leave· for any individual employee shall not aggregate more than five (5) days in any fiscal year . . . ."

mulated to implement Section 5916's pay plan, also effectively preclude any order that the defendant here be required to bargain on the subject.

The Union's last proposal asks that accumulated sick leave be paid upon voluntary resignation. As noted above with regard to the use of sick leave as vacation leave, Rule 6.0320 does not make provision for such an arrangement. Thus, here too, according to the terms of Section 5938(c), the defendant cannot be compelled to bargain collectively on the proposal.

Although the weight of legislative enactment here requires the Court to deny the Union's bid to compel collective bargaining, this decision should not be taken to indicate a negative attitude in this State towards the rights of public employees. Rather it is an attempt to reconcile conflicts inherent in a public employment program which contemplates both merit system protection as well as collective bargaining rights for State employees. I have attempted to harmonize these conflicts by paying heed to the legislative guidelines provided in Section 5938(c). That I have hopefully construed the legislative intent correctly is fortified by the language of 29 Del.C. § 5938(e) which provides as follows:

> "The Director and the Commission shall meet with the exclusive bargaining representative at reasonable times to negotiate in good faith with respect to any rule to be adopted or amended under sections 5915 through 5921, and sections 5933, 5935, 5937 of this title and, to the extent the subject thereof is not covered in whole or in part by a collective bargaining agreement under sections 5922 through 5932, and section 5934 and 5936 of this title."

From this it appears that the General Assembly intended to provide a means for further negotiation even as to merit system rules adopted under the statutes protected from collective bargaining at the agency level by Section 5938(c), but, in so doing required that it be done at the Commission level so that any relief from a rule adopted pursuant to the protected statutes could be accomplished in such a manner as to have an equal effect or benefit to all State employees in a given classification or situation as opposed to those of the particular agency on whose behalf the collective bargaining effort might be made. As I understand the present matter, the Union has not attempted to have any rule altered or amended through the Personnel Commission in order to further the cause of its employees, but rather has chosen to compel the agency (Facility) to bargain directly in the area of compensation and leave with pay on the theory that since the existing Rules do not speak specifically to its proposals, the agency cannot refuse to bargain. This, to my mind, ignores the purpose of 29 Del.C. § 5938.

Accordingly, the motion of the plaintiff Union for summary judgment must be denied, and the motion of the defendant for summary judgment must be granted. Order on notice.