**COUNCIL 81, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL–CIO, and Timothy W. Hyatt, Executive Director, Plaintiffs below, Appellants,**

v.

**STATE PERSONNEL COMMISSION, and Ronald E. Lankford, Personnel Director, Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted June 16, 1976.

Decided July 7, 1976.

Harvey B. Rubenstein, Wilmington, for plaintiffs-appellants.

Norman A. Barron, State Solicitor, for defendants-appellees.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice:

Council 81, American Federation of State, County, and Municipal Employees, AFL-CIO, is a labor organization certified under 19 Del.C. § 1301, etc., as an exclusive bargaining representative for certain employee units in State agencies. Council 81 and its Executive Director, Timothy W. Hyatt (plaintiffs) filed a declaratory judgment action in the Court of Chancery against the State Personnel Commission, 29 Del.C. § 5906, etc., for an order requiring the Commission to negotiate with plaintiffs after a public hearing on Rules and before they are approved. The Court granted summary judgment to the Commission and this appeal followed.

As in the Trial Court, the question proposed by the litigation involves the interaction of two pertinent statutes, both of which mandate certain duties on the Commission. The first statute, 29 Del.C. § 5938, applies specifically to collective bargaining and provides in part:

"(e) The Director and the Commission shall meet with the exclusive bargaining representative at reasonable times to negotiate in good faith with respect to any rule to be adopted or amended under §§ 5915 through 5921, 5933, 5935, 5937 of this title and, to the extent the subject thereof is not covered in whole or in part by a collective bargaining agreement under Chapter 13 of Title 19, §§ 5922 through 5932, 5934 and 5936 of this title."

The purpose of the statute is to require negotiation as to merit system rules at the Commission level. *Laborers' Int. U., Loc. 1029 v. State, Dept. of H. & S. Serv.*, Del. Ch., 310 A.2d 664 (1973), aff'd Del.Supr., 314 A.2d 919 (1974).

The second statute, 29 Del.C. § 5914, governs the adoption of Rules by the Commission and provides in full as follows:

"The Director shall prepare and submit to the Commission proposed rules covering the classified service. The rules shall be reviewed by the Commission at a public hearing held following public notice. The rules, as they may be amended by the Commission, shall become law upon the completion of the public hearing, except that any rules relating to a pay plan for employees in the classified service shall become law only after being approved as set forth herein. After public notice and public hearing, the Commission, on its own motion, may establish, adopt and amend such rules."

Plaintiffs premise their argument hereon a somewhat different basis than that which the Chancellor apparently considered. He determined that the Commission is not "required" to meet (on request or otherwise) with an exclusive bargaining representative after a public hearing, but plaintiffs argue in this Court that the Commission is not "precluded" from such negotiation. Presumably, this means that a post-hearing negotiation would be discretionary with the Commission.

We pass over consideration of any differences in the question proposed to the respective Courts because, fairly read, we think that the Chancellor's opinion implicitly prohibits bargaining after a public hearing has been held. And we think that ruling was entirely correct.

A § 5914 hearing is, of course, designed to give the "public" an opportunity to be heard, under reasonable procedures, on the

Rules to be "reviewed" by the Commission at that hearing. Compare *Conner v. Shellburne, Inc.,* Del.Supr., 281 A.2d 608 (1971). Both "public notice" and "review" of proposed Rules at a "public hearing" (whether for original or amended Rules, and whether the proposals be initiated by the Commission or by others—it matters not) are required before they "become law." And the statute specifically provides that Rules approved by the Commission "shall become law upon the completion of the public hearing." If § 5914 is to serve the clear purpose of notice and review before the public of proposed Rules, then necessarily the public hearing must be, as the Chancellor said, "the last stage before action" by the Commission. That purpose obviously should be frustrated if any bargaining unit could have a post-hearing "negotiation" with the Commission under § 5938(a).

Nothing said herein precludes the Commission from negotiating under § 5938(e) after *a* public hearing has been held provided that it is not the *last* or *final* hearing before the Commission acts to make Rules which "become law" under § 5914.

\*   \*   \*   \*   \*   \*

The judgment of the Court of Chancery is affirmed.