John L. SULLIVAN, Commissioner of Correction, Bureau of Adult Correction of the Department of Correction of the State of Delaware, Defendant-Appellant,

v.

LOCAL UNION 1726 OF the AFSCME, AFL–CIO, Plaintiff-Appellee.

Supreme Court of Delaware.

Submitted: April 18, 1983.

Decided: Aug. 3, 1983.

Kathleen C. Lucas (argued), Deputy Atty. Gen., Wilmington, for defendant-appellant.

Harvey B. Rubenstein (argued), Wilmington, for plaintiff-appellee.

Before HERRMANN, C.J., and HORSEY and MOORE, JJ.

HORSEY, Justice:

This appeal concerns an employment dispute between the State Department of Corrections (the Department) and Local 1726 of the AFSCME, AFL–CIO (the Union), the local union of correctional officers within the Department. The dispute relates to the Department's temporary transfer of certain correctional officers between prison facilities and between posts within a given facility. The ultimate question is whether such temporary transfers are controlled by the parties' collective bargaining agreement, as the Union contends, or by a State Merit Rule adopted by statute, as the Department contends.

The dispute arose when the Union protested the Department's temporary transfer of certain correctional officers to cover temporary staff vacancies arising from vacation, illness or other reasons. Contending that such temporary transfers were contrary to the agreement because not established to have been made for safety or security reasons, the Union invoked the agreement's arbitration clause.[1] At the arbitration level, the Department confined its argument to how Article 71 should be construed and applied to the facts of the disputed transfers. The Department did not argue that the State Merit Rules took precedence over the provisions of the parties' collective bargaining agreement. Rather, the Department simply argued that safety and security problems necessarily resulted from any temporary vacancies in correctional officers' posts.

The arbitrator ruled in the Union's favor, stating, in part:

> The evidence as a whole strongly suggests that the Department's primary concern is the cost in overtime in covering these absences in other areas without transferring someone at straight time. I understand the desire to minimize overtime costs, but that objective cannot properly be accomplished by methods prohibited by the contract.

However, before the arbitrator rendered his decision, the Department obtained an opinion from the Attorney General that the temporary transfer of correctional employees was governed by Merit Rule 3.0420 [2] rather than by Article 71 of the Collective Bargaining Agreement. Relying on the au-

---

1. The Union relies upon Article 71 of the parties' current agreement. Article 71 states in substance that a correctional officer who has been awarded a post through a bidding process shall not be temporarily transferred between Department facilities or from one post to another within a given facility unless there is "documented evidence that the present assignment causes safety and/or security problems." The collective bargaining agreement further provides for a grievance procedure if an employee objects to such transfer. However, the grievance procedures need not be exhausted before transfer in the event the "employee's continued presence on the post presents a real danger to person or property...."

2. Merit Rule 3.0420 provides:

Any employee may be required by competent authority to perform any of the duties described in the class specification, any other duties which are of similar kind and difficulty, and any duties of lower classes in the same occupational series or in other series which have similar characteristics. Any employee may also be required to serve in a higher position in emergencies, or in relief of another employee. However, if such higher service continues beyond 30 calendar days, the rules concerning promotion or temporary promotion shall apply. (Section 13). Under exceptional circumstances, an appointing authority may submit for the Director's approval, written substitution for this paragraph.

thority of the Attorney General's opinion, the Department refused to abide by the arbitrator's later decision.[3]

The Union then sought relief in Superior Court in three forms: (1) a declaratory judgment of the controversy; (2) a writ of mandamus to enforce the arbitrator's award; and (3) the grant of other appropriate relief "to rectify the various violations [by defendants] since October 8, 1981 [the date of the arbitrator's award]." Superior Court ruled in the Union's favor. It held the temporary transfer of correctional officers to be governed by Article 71 of the parties' collective bargaining agreement and not by Merit Rule 3.0420. The Court also ruled that damages were recoverable by the Union. We affirm both rulings but remand the case for a determination of damages.

■ On appeal, the Department apparently concedes, but in any event we hold, that Article 71 of the parties' agreement may not be reasonably construed to mean that temporary absence of a correctional officer from his post—for whatever reason—creates a "safety and/or security problem" sufficient to justify a transfer under the agreement.

The issue then becomes whether temporary transfers of correctional officers are controlled by the parties' Collective Bargaining Agreement or by Merit Rule 3.0420. The answer hinges on whether the Department's temporary transfer authority under Merit Rule 3.0420 is derived from 29 *Del.C.* § 5915, as the Department contends, or from subsequent provisions of Chapter 59, Title 29, §§ 5925, 5928 and 5932, as the Union contends.

■ The reason for the Department's reliance upon § 5915 as the genesis of Merit Rule 3.0420 lies in 29 *Del.C.* § 5938. Section 5938 defines the extent to which provisions of collective bargaining agreements may prevail over merit system rules adopted pursuant to the statute. 29 *Del.C.* § 5938[4] provides as follows:

*§ 5938. Collective Bargaining.*

(a) Except as expressly provided in subsection (c) of this section, nothing contained in this chapter or in the rules shall deny, limit or infringe upon the right of any employee in the classified service or any exclusive bargaining representative under Chapter 13 of Title 19.

(b) Except as expressly provided in subsection (c) of this section, nothing contained in this chapter or in the rules shall deny, limit or infringe upon any collective bargaining agreement or the authority and duty of this State or any agency thereof to engage in collective bargaining with the exclusive bargaining representative under Chapter 13 of Title 19.

(c) The rules adopted or amended by the Commission under the following sections shall apply to any employee in the classified service represented by an exclusive bargaining representative or covered by a collective bargaining agreement under Chapter 13 of Title 19: Sections 5915 through 5921, 5933, 5935 and 5937 of this title.

(d) The rules adopted or amended by the Commission under the following sections shall not apply to any employee in the classified service represented by an exclusive bargaining representative to

---

**3.** One of the duties of the Attorney General, as set forth in 29 *Del.C.* § 2504, is to "provide legal advice, counsel and services for administrative offices, agencies, departments, boards, commissions and officers of state government concerning any matter arising in connection with the exercising of their official powers or duties." Under the statutory language, an opinion of the Attorney General is advisory and not binding on those to whom it is given. *Council 81, Am. Fed. of State, etc. v. State, Dept. of Fin.,* Del.Ch., 288 A.2d 453 (1972);

*State ex rel. Davis v. Woolley,* Del.Supr., 97 A.2d 239 (1953).

**4.** Section 5938 was enacted by the Delaware General Assembly to reconcile differences between the Collective Bargaining Law, 19 *Del.C.,* Chapter 13, and the Merit System Law, 29 *Del.C.,* Chapter 59. 56 *Del.Laws,* c. 376, enacted July 1, 1968. *See Laborers' Int. Union Local 1029 v. State Department of Health and Social Services,* Del.Ch., 310 A.2d 664 (1973).

the extent the subject thereof is covered in whole or in part by a collective bargaining agreement under Chapter 13 of Title 19: Sections 5922 through 5925 of this title, except where transfer is between agencies or where change is made in classification or pay grade, §§ 5926 through 5928 of this title, except where an employee laid off by 1 agency is reemployed by another, §§ 5929 through 5932, 5934 and 5936 of this title.

(e) The Director and the Commission shall meet with the exclusive bargaining representative at reasonable times to negotiate in good faith with respect to any rule to be adopted or amended under §§ 5915 through 5921, 5933, 5935 and 5937 of this title and, to the extent the subject thereof is not covered in whole or in part by a collective bargaining agreement under Chapter 13 of Title 19, §§ 5922 through 5932, 5934 and 5936 of this title.

Thus, under § 5938, provisions of merit rules will supersede contrary provisions of a collective bargaining agreement only in the limited instances provided under subsection (c) of § 5938. Hence, if the Department can establish that Merit Rule 3.0420 is derived from § 5915, then by operation of § 5938(c) the Merit Rule takes precedence over Article 71 of the parties' Collective Bargaining Agreement. Conversely, if the Department's Merit Rule authority to make temporary transfers of correctional officers

to fill vacancies is not derived from § 5915, then by virtue of § 5938(b) and (d), the provisions of Article 71 of the parties' Collective Bargaining Agreement take precedence over Merit Rule 3.0420; and such temporary transfers are properly controlled by the parties' negotiated agreement.

■ In our view, the Superior Court correctly concluded that the subject of temporary transfers of correctional officers was more directly related to and covered by § 5925 [5] "Transfers", § 5928 [6] "Layoffs; transfers; reductions", and § 5932 [7] "Work schedules" rather than by § 5915 [8] "Classification; uniformity; appeal of classification." The Superior Court's reasoning, which we adopt, is as follows:

At first blush, [the Department's] contention is persuasive. Section 5915 is entitled "Classification; uniformity; appeal of classification." Although untitled, Merit Rule 3.0420 is included in the 3.0400 series which is labeled "Interpretation and Use of Class Specifications." However, to adopt this analysis would be to place form over substance.

As [the Union] points out, the subject of temporary transfer of correctional officers is more directly covered in: § 5932 "Work Schedules"; § 5925 "Transfers"; and § 5928 "Layoffs; transfers; reductions," all of which are within the scope of 29 *Del.C.* § 5938(d) as appropriate subjects of collective bargaining. With respect to § 5925 covering transfers,

---

**5.** § 5925 provides: "*Transfers.* The rules shall provide for transfer from a position in 1 department or agency to a similar position in another department or agency involving similar qualifications, duties, responsibilities and pay range."

**6.** § 5928 provides: "*Layoffs; transfers; reductions.* The rules shall provide for layoffs, transfers or reduction in rank because of lack of funds or work, or abolition of a position, or material change in duties or organization and for reemployment of employees so laid off, giving consideration in each such case to performance record and seniority in service."

**7.** § 5932 provides: "*Work schedules.* The rules shall provide for work schedules, call-in, and attendance regulations, rest periods and leaves of absence without pay."

**8.** § 5915 provides: "*Classification; uniformity; appeal of classification.* The rules shall provide for the preparation, maintenance and revision of a position classification plan for all positions in the classified service based upon similarity of duties performed and responsibilities assumed so that uniform qualifications and pay ranges shall apply to all positions in the same class. After approval of such classifications by the Commission, the Director shall place every employee in the classified service within the appropriate classification. Any classification may be appealed to the Commission in writing by any employee or agency within such reasonable time as may be prescribed in the regulations."

§ 5938(d) expressly excludes from its shelter only the subject of transfers "between agencies or where change is made in classification or pay grade." Since such is not the circumstances in the instant case, this Court finds the right of Local 1726 to negotiate the terms of temporary transfers to be intact.

Moreover, the Department has as much as conceded the appropriateness of the matter in issue as a subject for collective bargaining by participation in the negotiation of the Contract provision it now seeks to nullify.

\* \* \* \* \* \*

In sum, having determined that Merit Rule 3.0420 was not adopted pursuant to 29 *Del.C.* § 5915, and is, thus, not controlling and that §§ 5925, 5928 and § 5932 more appropriately cover the subject matter in question, the Court holds that Article 71 of the Contract remains in full force. Thus, a temporary transfer is controlled by the Contract and not by the Merit Rules. [footnotes omitted].

Turning to the issue of damages, the Department argues that Superior Court erred in awarding damages to the Union in a declaratory judgment action.[9] Seeking a dismissal of the Court's award of damages, the Department contends that the Union neither pleaded nor proved damages either before the arbitrator or before Superior Court. Again, we affirm Superior Court's determination that damages are recoverable by the Union; but we find that the Court erred in awarding damages without a further fact hearing.

■ The Union's mandamus complaint to compel the Department to abide by the arbitrator's award did include a claim for "other relief requiring defendant to rectify the various violations since October 8, 1981.-" While it is clear that the primary question before the Court was one for declaratory judgment, the Union's pleadings may reasonably be construed to assert a claim for damages as well. In a declaratory judgment proceeding, an appropriate remedy clearly includes an award of damages. 10 *Del.C.* § 6508. *Clemente v. Greyhound Corporation,* Del.Super., 155 A.2d 316 (1959). Thus, the Union having prevailed on the declaratory judgment issue, the case should now be remanded to Superior Court for a determination of the proper measure and amount of damages.

\* \* \*

Affirmed and remanded for further proceedings consistent herewith.

---

9. On the issue of damages, Superior Court stated:

"Accordingly, damages are to be computed as follows: all time which Correctional Officers worked as temporary transfers to be paid as overtime and divided among all correctional officers. Plaintiff's attorney will submit an appropriate order."