DEPARTMENT OF CORRECTION,
State of Delaware, Plaintiff
Below, Appellant,

v.

CORRECTIONAL OFFICER
SUPERVISORS, Defendants
Below, Appellees.

Supreme Court of Delaware.

Submitted: April 22, 1986.
Decided: Aug. 1, 1986.

John J. Polk, Deputy Atty. Gen., Wilmington, for appellant.

Thomas L. Little, and Joseph A. Gabay (argued), Wilmington, for appellees.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

CHRISTIE, Chief Justice:

In this labor dispute, this Court must decide whether a collective bargaining agreement continues to apply to a public employees' bargaining unit even after the union which negotiated it is decertified and no longer represents the bargaining unit. If the agreement no longer applies, this Court must go on to determine whether employees who had been members of the bargaining unit are entitled to overtime compensation after the decertification of the union since they continued to work 40 hours per week, as the contract had required, rather than 37½ hours per week, as the Delaware Merit System Rules required.

I.

In April, 1980, both correctional officers and supervisors were members of the same union, Local 1726 of the American Federation of State, County and Municipal Employees. At that time, the Governor signed into law 62 Del.Laws c. 221 which increased starting level salaries for correc-

tional officers and increased pay grades for higher level correctional positions. The declared purpose of the legislation was to enable the Department of Correction to recruit and retain competent employees. Section 4 of the Act stated that the Act became "effective contingent upon the execution by the Commissioner of the Department of Correction and the American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., Local 1726 and Council 81 of amendments to the collective bargaining agreement between the parties." Local 1726 and the Department amended their agreement in April, 1980,[1] to increase the union members' workweek from 37½ to 40 hours per week. The legislation provided for a pay increase which was arrived at by adding to existing salaries the equivalent of overtime pay for the extra 2½ hours per week the members would be working.

In February, 1982, the Delaware Secretary of Labor ordered that the supervisors be removed from Local 1726. It was not until February 9, 1983 that the supervisors, having elected a new collective bargaining representative, executed a new collective bargaining contract with the Department. That agreement, like the prior agreement, provided for a 40-hour workweek.

On August 20, 1982 (which was during the time the supervisors were not represented by a union), the supervisors filed a number of grievances alleging that they were being required to work 40 hours per week and that Merit Rule 5.0210,[2] promulgated pursuant to 29 Del.C. ch. 59, required Merit System employees to work only 37½ hours per week. The Supervisors

requested overtime for the 2½ hours per week which they had been working in excess of 37½ hours.

The petitions based on these grievances were denied through all of the steps in the Department's grievance process and also on appeal to the State Personnel Office Director. The union then appealed to the State Personnel Commission. Insofar as it is relevant to this appeal, the Commission held that since Merit Rule 5.0210 mandates a 37½-hour workweek and since approval of the Director to deviate from those hours had not been obtained, the supervisors were entitled to compensation for any work they did in excess of 37½ hours per week. The Commission determined that the supervisors were entitled to such additional compensation from August 23, 1982 (the date the grievances were filed) to February 9, 1983 (the date of the new contract) plus 30 days' retrospective relief which the Commission believed was authorized under Merit System Rule 20.0461. The Superior Court affirmed the basic decision but reversed the Commission as to the 30-day retrospective relief,[3] and the Department of Correction has filed this appeal. This Court affirms the Superior Court.

## II.

■ While a valid collective bargaining agreement is in effect, it takes precedence over contrary provisions in the Merit System Rules concerning work schedules. *Sullivan v. Local Union 1726 of the AFSCME, AFL-CIO*, Del.Supr., 464 A.2d 899, 892 (1983); 29 *Del.C.* §§ 5932, 5938(d).[4] However, the Department of

1. The agreement was in effect from July 7, 1977 until January 1, 1981 and was automatically renewed from year to year thereafter unless either party gave written notice to the other to the contrary.

2. Merit Rule 5.0210 provides:
   The standard workweek for all full time employees in the classified service shall be 37½ hours. The standard workday shall be 8:00 A.M. to 4:30 P.M., with a one hour lunch period. Deviation may be authorized by the appointing

authority to meet operational needs. Cases of continuing or permanent schedule deviation shall be subject to the approval of the Director.

3. The supervisors did not file a cross-appeal as to the denial of retrospective relief.

4. 29 *Del.C.* § 5932. *Work schedules.*
   The rules shall provide for work schedules, call-in, and attendance regulations, rest periods and leaves of absence without pay.
   29 *Del.C.* § 5938 in pertinent part provides:

Correction contends that Delaware law provides little guidance on whether the contract remains in effect following the decertification of the union which negotiated it.

The Department of Correction relies on the opinion of the United States Court of Appeals for the 5th Circuit in *United States Gypsum Co. v. United Steelworkers of America, AFL–CIO,* 384 F.2d 38 (5th Cir.1968), *cert. denied,* 389 U.S. 1042, 88 S.Ct. 783, 19 L.Ed.2d 832 (1968). The Department claims support in that opinion for the proposition that the terms of a labor agreement survive the cancellation of the relationship between entities that negotiated the agreement.

However, the *United States Gypsum Co.* case and the other federal cases to which the Department has referred this Court are not applicable to this case inasmuch as they did not involve an underlying Merit System with rules which applied to the employees in the absence of a binding union contract.

■ Moreover, 29 *Del.C.* § 5938(d) expressly addresses the issue at bar. It provides that Merit System Rules concerning work schedules, adopted pursuant to 29 *Del.C.* § 5932, "shall not apply to any employee in the classified service (which encompasses the supervisors here) *represented by an exclusive bargaining representative* to the extent the subject thereof is covered in whole or in part by a collective bargaining agreement...." 29 *Del.C.* § 5938(d) (emphasis added). Once Local 1726 was decertified, the supervisors were no longer "represented by an exclusive bargaining representative." Therefore, from the time of Local 1726's decertification in February, 1982, until the supervisors elected a new union and executed a new contract on February 9, 1983, the Merit System Rules governed their work hours.

(d) The rules adopted or amended by the Commission under the following sections shall not apply to any employee in the classified service represented by an exclusive bargaining representative to the extent the subject thereof is covered in whole or in part by a collective bargaining agreement under Chapter 13 of Title

This conclusion is consistent with the pronouncement of the United States Supreme Court (albeit in regard to the private sector) that:

When the union that has signed a collective-bargaining contract is decertified, the succeeding union certified by the Board is not bound by the prior contract, need not administer it, and may demand negotiations for a new contract even if the terms of the old contract have not yet expired.

*N.L.R.B. v. Burns International Security Services, Inc.,* 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972).

### III.

Under Merit System Rule 5.0210 the standard workweek for the supervisors during the period in question (from February 1982 until February 9, 1983) was 37½ hours unless a deviation were approved by the Director. Since no such deviation was authorized, the Superior Court correctly concluded that the supervisors are entitled to additional compensation for 2½ hours per week as prescribed by the Merit System Rules for the period from August 20, 1982 (when the supervisors filed their grievances) until February 9, 1983, when they executed a new, non-retroactive, collective bargaining agreement.

The judgment of the Superior Court is AFFIRMED.

19: Sections 5922 through 5925 of this title, except where transfer is between agencies or where change is made in classification or pay grades, §§ 5926 through 5928 of this title, except where an employee laid off by 1 agency is reemployed by another, §§ 5929 through 5932, 5934 and 5936 of this title.