# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YVONNE GREEN, WILMINGTON PAIN & REHABILITATION CENTER, and REHABILITATION ASSOCIATES, P.A., on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No.: N17C-03-242 EMD CCLD |
| v. | ) | |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |
| | ) | |

Submitted:  April 22, 2021
Decided: May 12, 2021

*Upon Plaintiffs' Motion for Relief Related to Declaratory Judgment*
***DENIED***

Richard H. Cross, Jr., Esquire, Christopher P. Simon, Esquire, Cross & Simon, LLC, Wilmington, Delaware, *Attorneys for Plaintiffs Yvonne Green, Wilmington Pain & Rehabilitation Center, and Rehabilitation Associates, P.A.*

Paul A. Bradley, Esquire, Stephanie A. Fox, Esquire, Maron Marvel Bradley Anderson & Tardy, LLC, Wilmington, Delaware, George M. Church, Enquire, Joshua Kahn, Esquire, Miles & Stockbridge P.C., Baltimore, Maryland, Meloney Perry, Esquire, Perry Law, P.C., Dallas, Texas, *Attorneys for Defendant GEICO General Insurance Company*

**DAVIS, J.**

This is a class action assigned to the Complex Commercial Litigation Division of the Court.  Yvonne Green, Wilmington Pain & Rehabilitation Center ("WPRC"), and Rehabilitation Associates, P.A. ("RA") sued on behalf of themselves and all others similarly situated (collectively, "Plaintiffs").  Plaintiffs filed suit against Geico General Insurance Company ("GEICO").  Plaintiffs allege that GEICO uses two computerized rules, the Geographic

Reduction Rule ("GRR") and the Passive Modality Rule ("PMR") (collectively, the "Rules"), to evaluate insurance claims submitted by insureds or their assignees to GEICO.

Presently before the Court is Plaintiffs' Motion for Relief Related to Declaratory Judgment[1] (the "Motion") filed by Plaintiffs on April 5, 2021.[2] In response, GEICO filed Defendant GEICO General Insurance Company's Opposition to Plaintiffs' Motion for Relief Related to Declaratory Judgment (the "Response") on April 15, 2021.[3] On April 22, 2021, Plaintiffs filed their Plaintiffs' Reply in Support of Motion for Relief Related to Summary Judgment (the "Reply").[4] In deciding on the Motion, the Court also considered the Opinion dated March 24, 2021 (the "Opinion"),[5] 10 *Del. C.* § 6508 ("Section 6508"), Superior Court Rules of Civil Procedure Rule 59 ("Rule 59"), and this civil action's entire record.

For the reasons set forth below, the Motion is **DENIED**.

## I.      INTRODUCTION

This civil action involves breach of contract and declaratory judgment claims brought by Plaintiffs against GEICO. Plaintiffs alleged that GEICO violated the policies and Delaware law by using the Rules to process no-fault personal injury protection ("PIP") claims.

GEICO sells Delaware automobile insurance policies that provide PIP coverage.[6] GEICO's PIP claims-processing system is entirely automated, systematized, and ruled-based, notwithstanding any contractual, regulatory, and statutory obligations to investigate and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 247.
[3] D.I. No. 255.
[4] D.I. No. 262.
[5] D.I. No. 245; *Green v. GEICO Gen. Ins. Co.*, 2021 WL 1328560 (Del. Super. Mar. 24, 2021).
[6] *Green*, 2021 WL 1328560, at *3.

accurately process claims.[7]  GEICO determines whether a claim is denied or allowed based only on the Rules.[8]

On September 12, 2011, Ms. Green was injured in a car accident.[9]  Ms. Green, as an individual insured, submitted her medical bills to GEICO under her PIP policy.[10]  GEICO used the Rules to process her PIP claim.[11]  GEICO denied Ms. Green's PIP benefits.[12]  GEICO also denied claims submitted by RA and Wilmington Pain & Rehabilitation Center ("WPRC") as assignees of their insured patient's claims.[13]  GEICO used the Rules to process RA and WPRC's claims for PIP benefits.[14]  GEICO denied RA and WPRC's claims.[15]

Plaintiffs first filed their civil action in the Court of Chancery.  The Court of Chancery transferred the initial class action complaint to the Court on March 20, 2017.[16]  GEICO filed a motion to dismiss on April 10, 2017.[17]  Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint") on July 12, 2017.[18]  The Amended Complaint alleged that in Count I that GEICO breached the GEICO Policies.  In Count II, Plaintiffs contended that GEICO committed a bad faith breach of contract under Section 2118B(d).  In Count III, Plaintiffs sought a declaratory judgment that GEICO's continued use of the Rules violated Section 2118.  Finally, in Count IV, Plaintiffs alleged that GEICO violated 6 *Del. C.* § 2532(a)(5) and (12).  GEICO

---

[7] *Id.* at *5.
[8] *Id*.  The Opinion discusses the Rules in detail and how the Rules are used to process PIP claims.
[9] *Id*. at *2.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] D.I. No. 1
[17] D.I. No. 2.
[18] D.I. No. 32.

filed a motion to dismiss the Amended Complaint on August 1, 2017.[19] The Court issued an opinion dismissing Count IV but allowing the rest of the claims to proceed.[20]

On January 3, 2019, GEICO filed a motion for summary judgment (the "GEICO Motion").[21] The Court stayed the GEICO Motion until after hearing and decision on class certification.[22] On August 17, 2018, Plaintiffs moved for class certification.[23] The Court certified "the plaintiffs' class for the limited purpose of determining whether Geico's use of [the Rules] was a breach of contract, bad faith breach of contract, and to rule on a declaratory judgment."[24] The Court lifted the stay on the GEICO Motion.[25] On December 5, 2019, Plaintiffs' filed a cross motion for summary judgment ("Plaintiffs' Motion") after certifying Plaintiffs' class.[26]

After briefing and oral argument, the Court granted GEICO's Motion as to Counts I and II, the breach of contract and bad faith breach of contract claims.[27] Relevant to the Motion, the Court granted Plaintiffs' Motion as to Count III and found that GEICO violated 21 *Del. C.* § 2118 by using the Rules to determine PIP claims.[28]

Plaintiffs now move for relief related to declaratory judgment under Section 6508. Alternatively, Plaintiffs seek to amend the Opinion under Superior Court Rules of Civil Procedure Rule 59(d). Plaintiffs argue that further relief is necessary or proper under Section 6508 because Section 2118 contemplates penalties.[29] GEICO opposes the motion. GEICO

---

[19] D.I. No 33.
[20] *See Green v. GEICO Gen. Ins. Co.*, 2018 WL 1956287, at *11 (Del. Super. Apr. 24, 2018).
[21] *Green*, 2021 WL 1328560, at *7 (Del. Super. Mar. 24, 2021).
[22] *Id.*
[23] D.I. No. 96.
[24] *Green v. GEICO Gen. Ins. Co.*, 2019 WL 4039609, at *12 (Del. Super. Aug. 27, 2019).
[25] *Green*, 2021 WL 1328560, at *7 (Del. Super. Mar. 24, 2021).
[26] *Id.*
[27] *Id.* at *25.
[28] *Id.*
[29] Mot. at 4-5.

4

contends that Plaintiffs are judicially estopped from seeking damages[30] and that supplemental relief is neither necessary nor proper.[31] GEICO also contends that Plaintiffs do not assert a Rule 59(d) argument.[32]

## II. APPLICABLE LEGAL STANDARDS

Under Section 6508, the Court may grant further relief based on a declaratory judgment or decree "whenever necessary or proper."[33] Damages may be an appropriate remedy in a declaratory judgment proceeding.[34] The Court's power to grant further relief is discretionary.[35]

"Delaware law places a heavy burden on a plaintiff seeking relief pursuant to Rule 59."[36] To succeed on a motion to alter or amend judgment under Rule 59(d), "the movant must show '(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error of law or to prevent manifest injustice.'"[37] Granting a Rule 59(d) motion is "within the sound discretion of the trial court."[38]

## III. DISCUSSION

Plaintiffs seek penalties under 21 *Del. C.* 2118B(c) because the Court ruled that GEICO violated 21 *Del. C.* § 2118 by using the Rules to deny PIP claims.[39] Plaintiffs also seek to compel GEICO to disclose information related to individual claims GEICO denied using the

---

[30] Resp. at 8-11.

[31] *Id.* at 12-15.

[32] *Id.* at 15-16.

[33] 10 *Del. C.* § 6508.

[34] *See Sullivan v. Local Union 1726 of AFSCME, AFL-CIO*, 464 A.2d 899, 903 (Del. 1983).

[35] *Cf. Horizon Personal Commc'ns, Inc. v. Sprint Corp.*, 2006 WL 2337592, at *23 n.189 (Del. Ch. Aug. 4, 2006) (noting that the Court of Chancery's power to grant an post-trial injunction is discretionary and, in part, derived from Section 6508; *see also Miller v. Spicer*, 602 A.2d 65, 67 (Del. 1991) ("The use of the verb 'shall' in legislation generally connotes a mandatory requirement while the verb 'may' is deemed permissive").

[36] *Kostyshyn v. Comm'rs of Town of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

[37] *Monzo v. Nationwide Property & Cas. Ins. Co.*, 2020 WL 2467074, at *2 (Del. Super. May 13, 2020) (Citing *King v. McKenna*, 2015 WL 516 8481, at *3 (Del. Super. Aug 24, 2015) (Internal citations omitted)).

[38] *Carriere v. Peninsula Indem. Co.*, 2000 Wl 973134, at *2 (Del. Super. Jun. 12, 2000).

[39] Mot. at 4-5.

Rules so that the Court can award penalties and damages to each class member.[40] Plaintiffs never sought damages for GEICO's violation of Section § 2118.[41] Plaintiffs only seek damages for this violation post-trial.

While damages may be an appropriate remedy in a declaratory judgment proceeding,[42] they are not a necessary remedy. Damages would also be improper relief in this class action. When certifying Plaintiffs' class, the Court specifically noted that it would not determine individual liability or damages so that "common issues predominate any individual claim for damages."[43] Proper or necessary relief at this stage would be to seek permanent injunction from the Court of Chancery, or for individual claimants to file separate suits seeking damages. The Court, therefore, finds that it is not necessary nor proper to award Plaintiffs' further relief under Section 6508.

GEICO also correctly notes that Plaintiffs do not argue any grounds to amend or alter the Court's judgment under Rule 59(d).[44] Furthermore, no such grounds exist. There is no change of controlling law, new evidence or clear error of law that justifies amending or altering judgment.

Plaintiffs argue that avoiding further proceedings in this action would be manifestly unjust to claimant class members whose claims GEICO denied using the Rules.[45] Again, such claimant class members may bring individual suits proving their damages. Accordingly, the Court finds that Plaintiffs do not meet Rule 59's heavy burden.

---

[40] *Id.* at 5.
[41] *See* First Amend. Class Action Compl. at 24 (seeking only declaratory judgment that GEICO violated 21 *Del. C.* § 2118 under Count III).
[42] *See Sullivan*, 464 A.2d at 903 (Del. 1983).
[43] *Green*, 2019 WL 4039609, at *12 (Del. Super. Aug. 27, 2019).
[44] Resp. at 15-16.
[45] Reply at 10.

Plaintiffs neither show that further relief is necessary and proper under Section 6508, nor that the Court should alter or amend the judgment under Rule 59(d).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief Related to Declaratory Judgment is **DENIED.**

Dated:  May 12, 2021
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServXpress