ROBERT GATTIS, Petitioner Below-Appellant,
v.
CARL DANBURG, RICK KEARNEY, and PERRY PHELPS, Respondents Below-Appellees.
No. 210, 2009.
Supreme Court of Delaware.
Submitted: June 19, 2009.
Decided: July 14, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices

ORDER
HENRY duPONT RIDGELY, Justice.
This 14th day of July 2009, upon consideration of the appellant's opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The petitioner-appellant, Robert Gattis, filed an appeal from the Superior Court's March 19, 2009 order dismissing his petition for a writ of mandamus. The respondents-appellees, Carl Danburg, Rick Kearney, and Perry Phelps, have moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Gattis is a prison inmate. In his mandamus petition filed in the Superior Court, Gattis claimed that Danburg, Kearney, and Phelps, all of whom hold supervisory positions at the Delaware Department of Correction ("DOC"), had failed to comply with DOC inmate grievance procedures and requested the Superior Court to compel them to undertake retraining in those procedures by an independent outside agency and order them to comply with DOC policies and procedures and the Delaware Code.[1] The Superior Court dismissed Gattis' petition on the ground that it had failed to state a claim upon which relief may be granted.[2]
(3) A writ of mandamus is an extraordinary remedy issued by a court to compel an administrative agency to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that 1) he has a clear right to the performance of the duty; 2) no other adequate remedy is available; and 3) the administrative agency has arbitrarily failed or refused to perform its duty.[4] Moreover, mandamus will issue only to require the performance of a clear legal or ministerial duty.[5] Mandamus will not issue to compel a discretionary act.[6]
(4) Gattis has not demonstrated that DOC has arbitrarily failed or refused to perform a ministerial duty to which he has a clear right. As such, the Superior Court acted within its discretion when it dismissed Gattis' petition for a writ of mandamus for failure to state a claim upon which relief may be granted.
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] As noted by the Superior Court, Gattis attached as exhibits grievance forms requesting, among other things, servicing of the prison TV system, an extension cord for his headphone, reimbursement for a $4.00 charge for dental visits, and retention of his Playboy magazines during the pendency of his appeal.
[2] Super. Ct. Civ. R. 12(b) (6).
[3] Clough v. State, 686 A.2d 158, 159 (Del. 1996); Del. Code Ann. tit. 10, § 564.
[4] Id.
[5] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[6] Id.