# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                          |     |                          |
| ---------------------------------------- | --- | ------------------------ |
|                                          | )   |                          |
| Donald K. Ward,                          | )   |                          |
|                                          | )   | C.A. No. N18M-04-056 CLS |
| Petitioner,                              | )   |                          |
|                                          | )   |                          |
| v.                                       | )   |                          |
|                                          | )   |                          |
|                                          | )   |                          |
| Department of Correction, *et al*.,      | )   |                          |
|                                          | )   |                          |
| Defendants.                              | )   |                          |

Upon Consideration of Defendants' Motion to Dismiss
Petition for Writ of Mandamus,
**Granted.**

Date Submitted: August 13, 2018
Date Decided: November 2, 2018

## **ORDER**

Donald K. Ward, *Pro Se*. James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977. Petitioner.

Joseph C. Handlon, Esquire, Department of Justice. 820 North French Street, 6th Floor, Wilmington, Delaware, 19801. Deputy Attorney General.

**Scott, J.**

On this 2nd day of November, 2018, upon consideration of the Mr. Ward's Petition for Writ of Mandamus, Defendant's Motion to Dismiss, Mr. Ward's response, and the record in this case, it appears that:

1.   On August 9, 1990, Mr. Ward was convicted of one count of Unlawful Sexual Intercourse second degree, and two counts of Unlawful Sexual Intercourse third degree. Mr. Ward was sentenced for these convictions on October 19, 1990.

2.   Mr. Ward's sentence was 20 years at level V for the first charge including credit for 289 days previously served, and 10 years at level V for each of the remaining two charges. These sentences were to be served consecutively. The record reflects this sentence was pursuant to and in accordance with the Truth in Sentencing Act of 1989.

3.   Mr. Ward argues his sentence should be reduced for good behavior based on the more generous "good time" computation provided under 11 Del. C. § 4382 (1987), rather than a calculation based on the current statute. Mr. Ward's argument is based on the fact he was placed in custody in 1989. A review of the record shows Mr. Ward was placed in custody in 1989, released on bail/bond in March, 1990, and placed

2

back into custody for failure to adhere to conditions of his release in June, 1990.

4. At the time of Mr. Ward's sentence, individuals convicted of crimes after January 1, 1990, for crimes occurring prior to June 30, 1990, had the option to elect to be sentenced under the Truth in Sentencing Act (TIS) of 1989 rather than under the prior provisions of the statute.[1]

5. Prior to the 1989 TIS, Unlawful Sexual Intercourse in the second degree was a Class A felony, punishable by life imprisonment.[2] Unlawful Sexual Intercourse third degree, a Class B felony was punishable by a term of 3 to 30 years.[3]

6. The test for dismissal under Superior Court Rule 12(b)(6) is whether the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[4] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of

---

[1] 11 *Del. C.* § 4216 (d).
[2] 11 Del. C. §§ 774, 4205 (b) (1987).
[3] 11 Del. C. §§ 773, 4205 (b) (1987).
[4] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

3

the non-moving party.[5]  Therefore, if the plaintiff can recover under any conceivable set of facts inferable from the pleadings, the motion to dismiss will not be granted.[6]

7.  The extraordinary writ of mandamus is appropriate only where the plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty.[7]  The Court may issue a mandamus to a public official or agency "to compel the performance of a duty to which the petition has established a clear right."[8]  However, "if a petitioner cannot show a clear right to the requested performance of a duty, or if there is any doubt as to a petitioner's right, a mandamus shall not be issued by this Court."[9]

8.  In determining the accumulation of good time credits, the form of the statute in effect at the time of a petitioner's sentencing controls.[10]

---

[5] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[6] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).

[7] Remedio v. City of Newark, 337 A.2d 317, 318 (Del. 1975).

[8] Gattis v. Danberg, 2009 WL 752680, at *2 (Del. Super. Ct. Mar. 19, 2009), aff'd sub nom. Gattis v. Danburg, 976 A.2d 171 (Del. 2009).

[9] Gattis v. Danberg, 2009 WL 752680, at *2 (Del. Super. Ct. Mar. 19, 2009), aff'd sub nom. Gattis v. Danburg, 976 A.2d 171 (Del. 2009)

[10] Gibbs v. Carroll, 2003 WL 21999595 (Del. Super. Ct. 2003).

9. Although Mr. Ward was initially taken into the Department of Corrections custody prior to the implementation of the Truth in Sentencing Act of 1989, sentencing did not occur until 1990. Petitioner's sentence was imposed pursuant to the Act. Therefore, the Truth in Sentencing statute controls Petitioner's sentence and computation of good time.

10. Mr. Ward has not established a clear right that although his sentence was imposed in accordance with the 1989 TIS guidelines, his good time computation should be controlled by the prior provisions of the statute.

For the foregoing reasons Department of Corrections Motion to Dismiss is **Granted**. The Petition for Writ of Mandamus is **Denied**.

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

5